[No. 14629.   Department Two. — March 26, 1892.]

# A. G. STONESIFER ET AL., APPELLANTS, v. PARIS KILBURN ET AL., RESPONDENTS.

APPEALABLE ORDER — REFUSAL TO SETTLE BILL OF EXCEPTIONS — FAILURE TO SERVE BILL IN TIME. — An order of the trial court refusing to settle a bill of exceptions, and refusing to relieve the party presenting it from an objection that it was not served in due season, on the ground of mistake, inadvertence, surprise, and excusable neglect, is an appealable order.

ID. — CONSTRUCTION OF CODE — "PROCEEDING" — RELIEF FOR EXCUSABLE NEGLECT — SETTLEMENT OF BILL OF EXCEPTIONS. — The settlement of a bill of exceptions is a proceeding in an action, and an objection to the settlement of the bill, and a motion to disregard it on the ground that it was not served in time, is a "proceeding" within the meaning of section 473 of the Code of Civil Procedure; and the court has the power to relieve against the objection, and to settle and allow the bill, notwithstanding the failure to serve it in time, where it is shown to the satisfaction of the court that the default in the service resulted solely from their excusable mistake or neglect, and that the settlement thereof will promote justice.

ID. — SHOWING OF EXCUSABLE NEGLECT — MISTAKEN INTERPRETATION OF STIPULATION EXTENDING TIME. — Where the failure to serve the bill of exceptions in time was caused by a mistaken interpretation of a stipulation extending the time of service, under the belief, in good faith, that the extension was intended to be in addition to the time allowed by law, and the granting of relief against the neglect would be in furtherance of justice, the court should grant the relief and settle the bill.

APPEAL from an order of the Superior Court of Stanislaus County refusing to settle a bill of exceptions.

The facts are stated in the opinion.

*E. J. Pringle, B. A. Hayne, Pringle, Hayne & Boyd*, and *Stonesifer & Minor*, for Appellants.

The relief demanded is within the letter of section 473 of the Code of Civil Procedure, as that section refers to any "proceeding," and the settlement of a bill of exceptions is a proceeding within the meaning of such section. (*Lukes* v. *Logan*, 66 Cal. 33; *Irwin* v. *Bank of Bellefontaine*, 6 Ohio St. 86, 87; *O'Dea* v. *Washington Co.*, 3 Neb. 121; *Wilson* v. *Allen*, 3 How. Pr. 371; *Rich* v. *Husson*, 1 Duer, 620; *Wilson* v. *Macklin*, 7 Neb. 52; *Strong* v. *Hardenburgh*, 25 How. Pr. 438, and cases cited at bottom of page 439.) Even if the clause of the section relating to amendments were insufficient for our purpose, the relief may be brought within the terms of the prior clause, which provides for correcting a mistake in the name of a party, "or a mistake in any other respect." (*Ward* v. *Clay*, 82 Cal. 502, 506; *Richardson* v. *Musser*, 54 Cal. 197, 198.) The relief demanded is certainly within the spirit of the section. To relieve from such a mistake as this is undoubtedly a part of that liberal system born of the jurisprudence of America and fostered by the codes, which forgives much "in furtherance of justice." (See Code Civ. Proc., secs. 4, 452, 473, 475; *Ward* v. *Clay*, 82 Cal. 502, 506, et seq.; *Roland* v. *Kreyenhagen*, 18 Cal. 457; *Struthers* v. *McDowell*, 5 Neb. 493; *Wilson* v. *Allen*, 3 How. Pr. 369, 371; *Peck* v. *New York etc. Co.*, 3 Bosw. 622; *Irwin* v. *Bank of Bellefontaine*, 6 Ohio St. 86, 87.)

*William Matthews*, and *C. C. Wright*, for Respondents.

The order complained of is not appealable, as it is not one of the orders from which an appeal is allowed by section 939 of the Code of Civil Procedure, and it is not "a special order made after final judgment." (*Ketchum* v. *Crippen*, 31 Cal. 367; *Pendegast* v. *Knox*, 32 Cal. 75; *Genella* v. *Relyea*, 32 Cal. 160.) But if the order be appealable, the court cannot disturb it, as the court below had no power to relieve the plaintiffs from their neglect to prepare and serve their bill of exceptions in time. The right to move for a new trial is given by statute, and unless the statute is followed, the right to move is

waived, and the same rule applies to all remedies. (*Wundelin* v. *Cadogan,* 75 Cal. 617; *Carpenter* v. *Superior Court,* 75 Cal. 596; *Hodgdon* v. *Southern Pacific R. R. Co.,* 75 Cal. 650; *Bunnel* v. *Stockton,* 83 Cal. 320; *Jue Fook Sam* v. *Lord,* 83 Cal. 162, 163.)

VANCLIEF, C. — On June 13, 1889, judgment was entered in this case in favor of three of the defendants, and against the plaintiffs and two of the defendants.

The parties in whose favor the judgment was given notified the other parties of the decision on the seventeenth day of June, 1889.

On June 24, 1889, the plaintiffs and the two defendants against whom judgment was given (all of whom are appellants) gave due notice of their intention to move for a new trial on various grounds, and that the motion would be made upon a bill of exceptions thereafter " to be prepared, settled, and allowed by the court."

On June 26, 1889, a written stipulation was signed and filed by the attorneys for all the parties, giving thirty days after service of notice of intention to move for a new trial in which to prepare a bill of exceptions.

On the third day of August, 1889, the attorneys for plaintiffs served their draft of their proposed bill of exceptions on the attorneys for defendants, who received the same subject to the objection that it was not served within the time stipulated, and on October 8, 1889, served their proposed amendments with a reservation therein of their objection to a settlement of the proposed bill of exceptions, on the ground that it was not served in time.

After due notice of the non-acceptance of the proposed amendments by plaintiffs, and within ten days after service thereof, plaintiffs delivered their proposed bill of exceptions, and the proposed amendments thereto, to the clerk of the court for the judge who tried the action.

On November 25th, and before any further steps towards settling the exceptions had been taken, the plaintiffs' attorneys served on the attorneys for defend-

ants the following notice: " You will please take notice that on the sixth day of December, A. D. 1889, at ten o'clock, A. M., or as soon thereafter as counsel can be heard, at the court-room of this court, the plaintiffs and the defendants Montgomery and Paige will make application to the court for an order that the bill of exceptions on motion for a new trial, served herein on defendants Kilburn, with the amendments proposed thereto by the said defendants under objection reserved that the said bill was not served in due season, be settled, allowed, and certified, and thereupon filed with clerk of said court, and the motion for new trial heard thereon, and that the plaintiffs and said Montgomery and Paige be relieved from said objection, on the ground of mistake, inadvertence, surprise, and excusable neglect, as set forth in the affidavits of C. A. Stonesifer and Edward J. Pringle, copies of which are hereunto annexed, upon which affidavits and the papers on file herein the said application will be based."

The affidavits of Pringle and Stonesifer annexed to this notice are as follows: —

" Edward J. Pringle, being duly sworn, makes oath that since the commencement of this action he has been one of the attorneys of the plaintiffs in the above-entitled action, residing in the county of Alameda, state of California, and having his law office and place of business in the city and county of San Francisco; and that Mr. Willam Matthews, one of the attorneys of the defendants Kilburn, has been residing in the city and county of San Francisco; that in conducting the said cause arrangements in reference to it have been made in San Francisco between this affiant and Mr. Matthews, and in Modesto between Messrs. Stonesifer and Wright; that relations of a very friendly character have always existed between this affiant and Mr. Matthews, and as this affiant believes, between Messrs. Stonesifer and Wright; that after giving notice of intention to move for a new trial in said cause, this affiant called upon Mr. Matthews, and requested from him an extension of the usual statutory

period to prepare and serve a bill of exceptions; Mr. Matthews readily consented to give any reasonable time that the affiant would require, and the stipulation giving thirty days' time was written by Mr. Matthews, who promised to send the same to Modesto to be signed and delivered by Mr. Wright; that this affiant did not himself make any memorandum of the terms of the stipulation, or charge his memory with the date of its maturity, or enter it in his office diary, because it was not put in his hands or delivered to him, but was to be sent to Modesto, being still subject to Mr. Wright's approval; but the affiant wrote immediately to Mr. Stonesifer, telling him generally of the stipulation, and that it would be signed and presented to him by Mr. Wright, and requesting Mr. Stonesifer to prepare the bill of exceptions within the time of the stipulation, and to submit the bill to him for examination; that Mr. Stonesifer afterwards gave to the managing clerk in the office of the affiant a memorandum of the day to which by said stipulation the time for serving of the bill of exceptions was extended, stating that that day was the third day of August, and thereupon entry to that effect was made on the office diary of affiant; that when Mr. Stonesifer prepared the bill of exceptions and sent it to San Francisco for examination by this affiant, he stated in his letter accompanying the bill that the last day for serving it was on August 3d, and the affiant wholly believed such statement to be correct, and relied upon the same."

"C. A. Stonesifer, being duly sworn, deposes and says that he is one of the plaintiffs in the above-entitled action, and a member of the firm of Stonesifer & Minor, attorneys for plaintiffs, and resides and has his office in the city of Modesto, county of Stanislaus; that on the twenty-fourth day of June, 1889, the above-named plaintiffs and defendants A. Montgomery and Timothy Paige duly served and filed their notice of intention to move for a new trial herein, specifying therein that the same would be made upon a bill of exceptions thereafter to be prepared, settled, and allowed

by the court; that on the same day, and at the time of the service of the said notice of intention to move for a new trial, affiant applied to C. C. Wright, Esq., of the firm of Wright & Hazen, who reside and have their office in the city of Modesto, county of Stanislaus, attorneys for defendants Paris, Guy, and Jeanette Kilburn, for a stipulation extending the time within which plaintiffs and said defendants Montgomery and Paige might prepare and serve their proposed bill of exceptions to thirty days in addition to the time allowed by law, in view of the fact that the testimony was rather lengthy, and that it would take considerable time to prepare the bill of exceptions; that said Wright replied to affiant that they were perfectly willing to give such time by stipulation, and any further time plaintiffs and defendants Montgomery and Paige might desire; that two days thereafter, and on the twenty-sixth day of June, said Wright came into the office of affiant and stated that he had just received from Mr. Matthews, who was also one of the attorneys for defendants Kilburn, and was residing and having his office in the city and county of San Francisco, a stipulation giving the time previously agreed upon between affiant and said Wright; that affiant, looking over the stipulation, and finding it not very legibly written, but seeing the words 'thirty days,' at once assumed, as well from seeing these words in the stipulation as from the fact that Mr. Wright had brought it to him as embodying their previous understanding, that the stipulation gave thirty days in addition to the ten days allowed by law; that the stipulation is hastily and illegibly written, and is certainly not so plain as to strike the attention and change the idea of the affiant previously formed as its contents, without a closer examination than was given to it under the circumstances; that affiant has no doubt that Mr. Wright put the same construction upon the stipulation; that in the presence of Mr. Wright, and while the stipulation was lying before them on the table, affiant made the following entry in his pocket diary, under date of August 3, 1889:

'Stonesifer v. Kilburn.   Serve bill of exceptions last day,' and made a similar entry in the office diary of Stonesifer & Minor; that in fact this affiant and Mr. Wright, after the first general reference to the stipulation made by Mr. Wright as aforesaid, paid no further attention to the time allowed, but discussed only the subsequent part of the stipulation, which they had not previously considered; that the said stipulation is in the exact words and figures following: ' It is agreed that the plaintiff may have thirty days after service of notice of intention to move for a new trial, in which to prepare and serve bill of exceptions in thereof.   No objection is to be taken by either party for the failure to serve the Radols with process, and no further papers shall be required to be served on them to fully litigate the rights of the parties now in court'; that said Wright then took said stipulation and filed it in the county clerk's office, as affiant is informed, and affiant never saw it again until the first day of August, 1889; that affiant subsequently wrote to E. J. Pringle, Esq., one of the attorneys for plaintiffs, at his office in the city of San Francisco, that a stipulation had been signed extending the time to plaintiffs and defendants Montgomery and Paige to serve the bill of exceptions, and that August 3, 1889, was the last day to serve it; that affiant prepared said proposed bill of exceptions, and on the twenty-third day of July, 1889, it was completed and ready for service, and could have been served on that day, but affiant believing that August 3d was the last day, he forwarded it to said Pringle on that day (July 23, 1889), for his examination and service on said Matthews, and again wrote said Pringle on that day that August 3d was the last day to serve it; that affiant at all times, from the time of signing said stipulation until the first day of August thereafter, believed and so understood that it gave thirty days in addition to the time allowed by law within which to prepare and serve said proposed bill of exceptions, on which day the following letter was received by R. C.

Minor, of the said firm of Stonesifer & Minor, from
said Pringle, to wit: —

"'SAN FRANCISCO, July 31, 1889.

"'*My Dear Mr. Minor,* — Stonesifer wrote to me that
the time for serving bill of exceptions in the Kilburn
case did not expire until August 3d, and I applied to
Matthews to-day for an extension. Matthews alarmed
me by saying that the time had already expired, and
would give no other stipulation than the inclosed. Please
look immediately and see which of us is right. I think
Stonesifer got a stipulation on July 3d giving us thirty
days. Please see how we stand, and let me know.

"'Yours truly,

"'EDWARD J. PRINGLE.'

"The stipulation referred to in the above letter is as
follows: —

"'It is hereby stipulated and agreed in the above-en-
titled action that if the time to prepare and serve bill of
exceptions has not expired, plaintiffs and defendants
Paige and Montgomery may have until and including
the twenty-third day of August, 1889, in which to pre-
pare and serve proposed bill of exceptions on motion for
a new trial. If the time has expired, this stipulation is
void.

"'Dated July 31, 1889.'"

The following counter-affidavits of Messrs. Matthews
and Wright were filed: —

"William Matthews, being duly sworn, makes oath that
the stipulation giving the plaintiffs Stonesifer and the
defendants Paige and Montgomery additional time to
prepare a bill of exceptions in support of their motion for
a new trial was written by affiant in the presence of Mr.
Edward J. Pringle, and that the time therein named as
the period within which the bill of exceptions should be
filed and served was then agreed upon by Mr. Pringle
and affiant, and according to the best of affiant's recol-
lection the said stipulation was read by affiant to Mr.
Pringle before said stipulation was signed.

"WILLIAM MATTHEWS."

" C. C. Wright, being duly sworn, deposes and says that he is one of the attorneys for the defendants Paris, Guy, and Jeanette Kilburn in the above-entitled action; denies that he understood the stipulation referred to in the affidavits of E. J. Pringle, Esq., and C. A. Stonesifer, Esq., in any other or different sense from what its terms plainly import, or that affiant ever put any other construction upon it; admits that he may have said, and probably did say, to said Stonesifer, on the twenty-fourth day of June, 1889, that we 'were willing to give such time by stipulation' as might be necessary, but alleges that it was with the understanding that the stipulation would be regularly extended in the mode and manner provided by law and the rules of this court; that rule 28 of this court is the following, to wit: —

" 'Rule 28.   No agreement, consent, or stipulation between the parties or their attorneys, in respect to the proceedings in a cause, will be regarded by the court, unless the same shall have been made in open court, and entered by the clerk in the minutes of that day's proceedings of court, or unless the evidence thereof shall be in writing, subscribed by the party against whom the same is alleged, or by his attorney.'

" Affiant does not remember the conversation fully which occurred between said Stonesifer and himself on the twenty-fourth day of June, 1889; but alleges that when affiant signed said stipulation he did so with full understanding of its contents, and did not know that said Stonesifer did not so understand it; denies that in anything which affiant may have said he meant to mislead said Stonesifer or any one else, and alleges that he expected that if further time were required for said purpose it would be applied for in the regular way; denies that affiant ever said to said Stonesifer that said stipulation was in any other or different form from what it was and is; and denies that affiant said it was a stipulation extending said time to thirty days in addition to the time allowed by law.              C. C. WRIGHT."

On December 6th the motion was heard by the court,

and thereafter (omitting immaterial recitals) the court made the following order: " It appearing to the court that the said bill was not served in due season, by reason of the mistake, inadvertence, and excusable neglect of one of the attorneys of the plaintiffs who had charge of the matter of preparing and serving the said bill of exceptions, but that the court has no power to relieve the parties from the objection so made by the defendants Kilburn, and the said defendants still insisting upon the said objection, and the proceedings upon the said motion and application having been duly and regularly continued since the sixth day of December, 1889, it is ordered that the said motion be and the same is, for the reason aforesaid, hereby denied, and the application for settlement of the said bill of exceptions is refused." The appeal is from this order.

1. It is contended for respondents that the order is not appealable; citing *Ketchum* v. *Crippen*, 31 Cal. 367, and other early cases to the same effect. But these cases have been expressly overruled on the point to which they are cited. ( *Calderwood* v. *Peyser*, 42 Cal. 110; *Morris* v. *De Celis*, 41 Cal. 331; *Dooly* v. *Norton*, 41 Cal. 440; *Clark* v. *Crane*, 57 Cal. 630; *Empire Co.* v. *Bonanza Co.*, 67 Cal. 406.) Besides, in this case a writ of mandate was denied by this court, on the ground that if the court below erred or abused its discretion, its action could be reviewed on appeal. ( *Stonesifer* v. *Armstrong*, 86 Cal. 594.)

2. It is contended that the court had no power to relieve appellants from the legal effect of their failure to serve their proposed bill of exceptions in time, even though their default was caused by their excusable mistake, and the relief asked be deemed just. But the cases cited in support of this point seem to go no further than to determine what is the legal effect of the default in the absence of a proper and well-grounded proceeding to be relieved from it, and do not determine that the court has no power, under any circumstances, to relieve a party from such legal effect. The distinction seems quite as

clear as that between determining the legal effect of a judgment by default, and adjudging that under no circumstances can a party be relieved from the legal effect of such judgment.

Section 473 of the Code of Civil Procedure provides: " The court may . . . . allow an answer to be made after the time limited by this code; and may also . . . . relieve a party . . . . from a judgment, order, or *other proceeding* taken against him through *his mistake, inadvertence, surprise, or excusable neglect.*"

Section 4 of the same code declares that " its provisions and all proceedings under it are to be *liberally* construed, with a view to effect its objects and to promote justice."

" The settlement of a bill of exceptions is a proceeding in an action." (*Lukes* v. *Logan*, 66 Cal. 33; *Irwin* v. *Bank of Bellefontaine*, 6 Ohio St. 86; *Wilson* v. *Allen*, 3 How. Pr. 371; *Rich* v. *Husson*, 1 Duer, 620; *Wilson* v. *Macklin*, 7 Neb. 52; *Strong* v. *Hardenburg*, 25 How. Pr. 438.

In *Irwin* v. *Bank of Bellefontaine*, 6 Ohio St. 86, it is said: " The word [proceeding] is generally applicable to any step taken by a suitor to obtain the interposition or action of a court."

In *Wilson* v. *Allen*, 3 How. Pr. 371, the court said: " The term ' proceeding' is generally applicable to any step taken by a party in the progress of a civil action. Anything done from the commencement to the termination is a proceeding."

In this case respondents objected to a settlement of appellants' bill of exceptions, and moved the court to disregard it, on the ground that it was not filed within the stipulated time. These were steps taken in the action " to obtain the interposition or action of the court," which, according to the cases cited, amounted to a proceeding against the appellants, even within the letter and certainly within the spirit of section 473 of the Code of Civil Procedure, and not distinguishable in principle from a proceeding to obtain a judgment by

default. It is from this proceeding that appellants ask relief; and I think the court had the power to grant it, upon a proper showing that the default of appellants resulted solely from their excusable mistake or neglect, and that the relief will promote justice. Such a showing, if made, brought the matter within the jurisdiction conferred by section 473 of the Code of Civil Procedure. (*Roland* v. *Kreyenhagen,* 18 Cal. 456; *Ward* v. *Clay,* 82 Cal. 502.)

3. I think the showing made by appellants was sufficient, and that the court should have granted the relief asked. There appears to be no reason to doubt that the failure to serve and file the proposed bill of exceptions within the stipulated time was caused solely and entirely by an excusable inadvertence of one of the attorneys for plaintiffs (Mr. Stonesifer), who was also one of the plaintiffs in the action, and therefore directly interested in having the proposed bill served in time.

Before reading the stipulation (which had been prepared in San Francisco and sent to Mr. Wright at Modesto), Mr. Stonesifer had the impression that the time to be allowed by it was thirty days *in addition* to the time allowed by law, and upon hastily glancing over it and reading " thirty days," he assumed that it was so, without carefully reading the whole stipulation. This was negligence, but under the circumstances, and considering that the time allowed by such stipulations is generally expressed to be in addition to the time allowed by law, and that the stipulation could have no other effect than to add to the time allowed by law, I think the negligence was excusable, and so thought the court that heard the motion, as appears by its opinion. It certainly cannot be attributed to bad faith. It also appears that the granting of the relief would be in furtherance of justice.

I therefore think the order should be reversed, and cause remanded for further proceedings.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is reversed, and the cause remanded for further proceedings.

Hearing in Bank denied.