[S. F. No. 3189. In Bank.—March 17, 1903.]

## J. C. MURPHY, Respondent, v. F. E. STELLING, Appellant.

APPEAL—REFUSAL TO SETTLE NEW TRIAL STATEMENT—EXCUSABLE NEGLECT — ORDER DENYING MOTION FOR RELIEF — DISMISSAL. — The ordinary rule that *mandamus* is the proper remedy for refusal to settle a statement on motion for a new trial does not apply to a motion for relief on the ground of excusable neglect in failing to deliver the proposed statement and amendments to the clerk for the judge in proper time; and an appeal may be taken from an order denying such motion, upon which the discretion of the court in denying it will be reviewed. Such appeal will not be dismissed.

MOTION to dismiss an appeal from an order of the Superior Court of Santa Clara County denying a motion for relief, under section 473 of the Code of Civil Procedure. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

John B. Kerwin, for Appellant.

Nicholas Bowden, for Respondent.

BEATTY, C. J.—This is a motion to dismiss defendant's appeal from an order of the superior court denying his motion for relief on the ground of surprise, accident, etc., under section 473 of the Code of Civil Procedure. The case is this: After judgment in favor of plaintiff, defendant gave notice of a motion for a new trial, to be based upon a statement of the case. In due time a draft of a proposed statement was served, to which amendments were proposed by plaintiff. Defendant refused to adopt the amendments, and applied to the court to settle the statement. When the matter came on for hearing, plaintiff objected to the settlement upon the ground that the defendant had failed to deliver his proposed statement, with the proposed amendments, to the clerk, for the judge, within the time prescribed by the statute. (Code Civ. Proc., sec. 659.) Upon the evidence then submitted the court sustained plaintiff's objection, refused to settle the statement, and dismissed the proceeding. Three days thereafter the defendant gave notice of a motion to be relieved from that order, upon the ground that it had been taken against him by "surprise, accident, and excusable neglect." (Code Civ. Proc., sec. 473.) In support of the motion he filed a number of affidavits, and at the hearing adduced other evidence in addition to that upon which his original application for a settlement of the statement had been submitted. The court, however, denied the motion for relief, and that is the order from which this appeal is taken.

In the printed briefs the motion to dismiss is based upon two grounds: 1. That the refusal to settle a statement is not an appealable order, and, *a fortiori*, that a refusal to vacate such an order cannot be appealable; and 2. That if a refusal to settle is appealable the appeal must be taken therefrom directly, and cannot be prosecuted from the order in question here, which, it is claimed, is in substance merely a refusal to set aside an order itself appealable. In the oral argument respondent abandoned the first proposition, and contended, on the authority of *Stonesifer* v. *Armstrong,* 86 Cal. 594, and of *Stonesifer* v. *Kilburn,* 94 Cal. 33, that the refusal to settle a statement is an appealable order. We regard those decisions, however, as resting upon a ground which distinguishes them from a long series of earlier and later decisions in which we have held that *mandamus* is the proper

and exclusive remedy when a trial judge refuses to settle a statement which it is his duty to settle; that is to say, in a case where the moving party has strictly and fully complied with the requirements of the statute in proposing and presenting the statement for settlement. (See *Pendergrass* v. *Cross,* 73 Cal. 475; *Landers* v. *Landers,* 82 Cal. 480; *Hudson* v. *Hudson,* 129 Cal. 141; *Machado* v. *Kinney,* 135 Cal. 354; *Whipple* v. *Hopkins,* 119 Cal. 349.) These decisions we consider decisive of the proposition that a wrongful refusal to settle a statement is not the subject of appeal, but is to be corrected by a writ of mandate.

But when the party seeking the settlement has not strictly and fully complied with statutory requirements and appeals to the court for relief upon the ground that his failure has been caused by surprise, accident, or excusable neglect, and when necessarily the granting of relief rests in the sound discretion of the court, a different case is presented. In such a case *mandamus* is a wholly inadequate remedy, because the discretion of the trial court may not be coerced. (*Stonesifer* v. *Armstrong,* 86 Cal. 594.) Its exercise of discretion may, however, be reviewed on appeal from the order denying relief. (*Stonesifer* v. *Kilburn,* 94 Cal. 33; *Banta* v. *Siller,* 121 Cal. 414.) The last-cited case was in every essential particular the exact parallel of this, the only difference being, that there the motion for relief was granted by the trial court, and the statement settled. The motion for a new trial was, however, denied. On appeal from the latter order both orders were reviewed, the former affirmed and the latter reversed. In the case of *Kaltschmidt* v. *Weber,* 136 Cal. 675, an appeal from an order granting relief on the ground of excusable neglect, and settling a statement, was dismissed upon the ground that it was reviewable only upon an appeal from an order granting or refusing a new trial. This was in accordance with numerous decisions of this court based upon the obvious distinction between the effect of settling and refusing to settle a statement on motion for a new trial. The latter is necessarily final, and must be corrected, if at all, by *mandamus,* where it will lie, or by an appeal, where *mandamus* is not available. The former is but an intermediate step in the proceeding which culminates in an order granting or refusing a new trial, and can only be reviewed on appeal from

the final order. There is no want of harmony in these various decisions if the plain distinction between the cases is observed, and the right of defendant to prosecute this appeal is clearly sustained by the decision in *Stonesifer* v. *Kilburn, Banta* v. *Siller*, and *Kaltschmidt* v. *Weber, supra.*

The motion to dismiss is denied.

Shaw, J., Angellotti, J., Van Dyke, J., McFarland, J., and Lorigan, J., concurred.