[No. 30. S. F. No. 3189. First Appellate District.—May 31, 1905.]

## J. C. MURPHY, Respondent, v. F. E. STELLING, Appellant.

APPEAL—MOTION TO DISMISS—LAW OF CASE.—Where a motion to dismiss an appeal on the ground that the order appealed from was not appealable was denied, the order denying it is the law of the case, and a subsequent motion to dismiss the appeal on the same ground cannot be granted, but the appeal must be determined upon its merits.

NEW TRIAL—ORDER REFUSING TO SETTLE STATEMENT FOR DEFAULT IN PRESENTATION—MOTION FOR RELIEF—DISCRETION.—A motion for relief, under section 473 of the Code of Civil Procedure, from an order refusing to settle a proposed statement on motion for new trial, and dismissing the proceedings for default in presentation of the statement and amendments within the time limited, is addressed to the sound discretion of the court, and where it cannot be said, upon the facts disclosed by the record, that the trial court abused its discretion in denying the motion for such relief, its order will be affirmed.

ID.—NEGLECT OF MOVING PARTY.—Where it appears that all the facts upon which the motion for relief was founded were known to the moving party three weeks before the hearing of the grounds for objection to the settlement of the statement, and he then put in no evidence to contradict the evidence of the opposite party as to his neglect, without any reason disclosed in the record to present such matters to the court at that hearing, it cannot be said that the court committed error in denying the motion.

APPEAL from an order of the Superior Court of Santa Clara County denying a motion for relief from a previous order. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

John B. Kerwin, for Appellant.

Nicholas Bowden, for Respondent.

HALL, J.—This is an appeal by defendant, F. E. Stelling, from an order made by the trial court denying appellant's motion, made under section 473 of the Code of Civil Procedure, to be relieved from an order theretofore made, refusing to settle appellant's proposed statement on motion for a new trial and dismissing said proceedings.

Counsel for respondent moves that the appeal be dismissed on the ground that the order appealed from is not appealable, but he has heretofore made the same motion, which was denied. (*Murphy* v. *Stelling,* 138 Cal. 641, [72 Pac. 176].) The order denying his motion to dismiss has become the law of the case, and makes it necessary to determine the appeal on its merits.

·The record before us shows that after judgment for plaintiff, defendant in due time gave notice of intention to move for a new trial on a statement to be thereafter settled; that the proposed statement was served on respondent in due time, and on the fifteenth day of September, 1900, (also in due time,) respondent served his proposed amendments thereto; that thereafter, during the month of October, 1900, the settlement of said statement was stricken from the calendar, and was subsequently restored on the eighth day of November, 1901, by consent; that thereafter plaintiff objected to the settlement of the said proposed statement on motion for a new trial on the grounds and for the reason that said proposed statement and said proposed amendments were not and had not been presented by the moving party to the judge who tried the cause, upon five days' notice to the adverse party, or delivered to the clerk of the court for the judge within the time required by law, and that the court had no jurisdiction to settle said proposed statement; that thereupon the hearing of said matter and said objections was, on motion of said defendant, F. E. Stelling, continued to the eighteenth day of November, 1901.

Said matter and the hearing thereof was again continued by the court to the ninth day of December, 1901, at the request of plaintiff.

On this last-named day plaintiff filed and presented in evidence the affidavits of Pfister, the clerk, and of Shilue, Schilling, Sex, Atgues, and Denker, his deputies, together with the indorsement on the said proposed statement and amendments as follows: "Received Sept. 28, 1900. Henry A. Pfister, Clerk, by J. M. Shilue, Deputy Clerk."

The affidavits above referred to are incorporated in the bill of exceptions, and strongly tend to show that the proposed statement and the amendments were left with the clerk September 28, 1900, and not before. This was three days too

late. The defendant did not offer any evidence at all on this hearing, but after argument of the respective counsel the matter was submitted to the court for decision; and thereafter, on the twenty-third day of December, 1901, the court sustained said objections of said plaintiff to the settlement of said statement, and ordered that the matter of said settlement be dismissed.

Thereafter, on the twenty-sixth day of December, 1901, appellant served and filed a notice of motion to be relieved from the order of December 23, 1901, and that said statement on motion for a new trial be settled, on the ground that said order of December 23, 1901, was taken and obtained by plaintiff and entered against defendant by reason of the mistake, inadvertence, and excusable neglect of defendant's attorney, etc.

With this motion were filed affidavits of defendant's attorney and of the clerk and of the deputy who had indorsed the statement as received September 28, 1900.

On the hearing of defendant's motion the said last-mentioned affidavits were read and oral testimony given by two other deputy clerks. Plaintiff again read in evidence the same affidavits that he had used on the hearing of his objections to the settlement of the proposed statement. The court denied defendant's motion, and the question is now presented, Did the court commit error in so doing?

The affidavit of counsel for defendant tends to show that he did in fact deliver the proposed statement and the amendments to some employee of the clerk in the office of said clerk on September 21, 1900; and contains statements as to sickness under which defendant's counsel labored during the year 1900, engagements of the court and counsel for plaintiff during the same year, and of the fact that a portion of the delay in bringing the matter of the settlement of the statement on for hearing was due to the engagements of plaintiff's counsel, and at his request, and the like, all of which might well have been presented to the court by appellant on the hearing of respondent's objection to the settlement of the statement, but was not. Although defendant's counsel was apprised of the grounds of respondent's objections at some date between November 8, 1901, and November 18, 1901, and,

I  Cal. App.—7

according to his own affidavit, was informed on November 18, 1901, of the indorsement on the statement, showing its receipt by the clerk September 28, 1900, when the said matter and said objections came on to be heard on December 9, 1901, he made no effort to contradict or to avoid in any way by evidence the effect of any of the evidence offered by plaintiff. He did not ask for a continuance to prepare affidavits, although every person whose affidavit was used by plaintiff was a clerk of the court, and every person whose affidavit or evidence was subsequently used by defendant on his motion to be relieved from the order of December 23d was one of the same clerks or counsel for defendant. No fact was attempted to be proved by defendant on the hearing of his motion that might not as well have been proven by him on the hearing of plaintiff's objections December 9, 1901, and no reason was given in the affidavit of counsel for defendant, or otherwise, why the matters that he relied on for relief from the order of December 23, 1901, were not presented at the hearing on December 9, 1901.

In *Stonesifer* v. *Kilburn,* 94 Cal. 33, [29 Pac. 332], the party in default made application for relief under section 473 before any steps had been taken for settling the bill of exceptions; and on the hearing the trial court found that the bill had not been filed in time, by reason of mistake, inadvertence, and excusable neglect, etc., yet being of the opinion that it had no jurisdiction to settle the bill, refused to settle it. This order was reversed.

In *Banta* v. *Siller,* 121 Cal. 415, [53 Pac. 935], the proposed statement came up for hearing in the trial court March 16th, and upon objection of respondent the court refused to settle the same. On the same day appellant served notice to be relieved from the order refusing to settle the statement, and the court granted the motion, and the appeal was from the order granting the motion to be relieved. On the appeal it was held that in granting such relief the court certainly did not abuse its discretion. So in this case, if the court had granted the relief it may be that we would have been unable to say that it had abused its discretion in so doing. Nevertheless we do not think that under the facts of this case we can say that the court abused its discretion in *refusing* to grant appellant's motion to be relieved from the order of December 23, 1901. The order of December 23d seems to have been clearly justified on the evidence then before the

court, as the appellant, though fully advised three weeks before the hearing of the grounds of the objections to the settlement of the statement, put in no evidence to contradict the evidence of respondent. The real matter to be determined by the court under the objections of plaintiff at the hearing on December 9, 1901, was, Should the court settle the statement, or should it refuse to do so? Of the grounds of plaintiff's objections to the settlement of the statement defendant had been fully advised as early as November 18, 1901; and all the facts upon which he subsequently relied to secure relief from the order that resulted from the hearing on December 9, 1901, were known to defendant's counsel on and before said hearing; and yet he failed, without any reason disclosed in the record, to present such matters to the court at that hearing. The matter of granting relief under section 473 is largely a matter of discretion with the trial court.

We cannot say, under the facts as disclosed by the record in this case, that the trial court abused its discretion or committed error in denying appellant's motion.

The motion to dismiss the appeal is denied. The order appealed from is affirmed.

Cooper, J., and Harrison, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 30, 1905, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on July 25, 1905.