[Civ. No. 291.   Second Appellate District.—July 12, 1906.]

## J. W. FREEMAN, Respondent, v. ROBERT A. BROWN, Appellant.

NEW TRIAL—STATEMENT—EXCUSABLE OMISSION OF SPECIFICATION—RE-
FUSAL OF LEAVE TO AMEND—APPEALABLE ORDER.—An order deny-
ing a motion under section 473 of the Code of Civil Procedure for
leave to amend a statement on motion for new trial by inserting
specifications excusably omitted therefrom is appealable, and a mo-
tion to dismiss the appeal therefrom must be denied.

APPEAL from an order of the Superior Court of Los
Angeles County denying a motion for leave to amend a state-
ment on motion for a new trial.   Walter Bordwell, Judge.

Motion to dismiss appeal.

The facts are stated in the opinion of the court.

George L. Keefer, and Walter L. Bowers, for Appellant.

H. M. Barstow, and Barstow & Variel, for Respondent.

The COURT.—This is an appeal from an order denying
the defendant's motion to amend his statement on motion
for a new trial by inserting specifications therein.   The plain-
tiff moves to dismiss the appeal on the ground that the
order is not appealable.

Appellant by his motion and application sought relief
under section 473, Code of Civil Procedure.   The order deny-
ing such relief is appealable.   (*Murphy* v. *Stelling,* 138 Cal.
642, [72 Pac. 176] ; *Kaltschmidt* v. *Weber,* 136 Cal. 675, [69
Pac. 497].)

Motion to dismiss is denied.

SMITH, J., Concurring.—I concur in the order denying
the motion to dismiss the appeal in this case, and also in the
opinion that the decision in *Murphy* v. *Stelling,* 138 Cal. 642,
[72 Pac. 176], is directly in point.   But I regard that case
as merely an application of the more general principle that

all orders made in proceedings for a new trial which have the effect of finally disposing of the motion are special orders made after final judgment, and therefore appealable. (Hayne on New Trial, sec. 146; *Calderwood* v. *Peyser,* 42 Cal. 115, and cases cited; *McDonald* v. *McConkey,* 57 Cal. 326; *Clark* v. *Crane,* 57 Cal. 633; *Griess* v. *State Investment Co.,* 93 Cal. 411, [28 Pac. 1041]; *Stonesifer* v. *Kilburn,* 94 Cal. 42, [29 Pac. 332]; *Sutton* v. *Symons,* 97 Cal. 476, [32 Pac. 588]; same case, 100 Cal. 576, [35 Pac. 158]; *Symons* v. *Bunnell,* 101 Cal. 223, [35 Pac. 770]; *Kaltschmidt* v. *Weber,* 136 Cal. 675, [69 Pac. 497]; *Murphy* v. *Stelling,* 138 Cal. 641, [72 Pac. 176].) This, however, as said in the case last cited, will not apply to a mere refusal of the court to settle the statement in cases where the moving party is by law entitled to have it settled. In such a case there is no order, and, therefore, the only remedy is *mandamus.*