PARDO, PLAINTIFF AND APPELLANT, v. PARDO, DEFENDANT AND
RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an
action for divorce.

MOTION of respondent to dismiss the appeal and motion of
appellant for leave to file transcript of record.

No. 1077.—Decided December 23, 1913.

APPEAL — APPEAL BY BOTH PARTIES FROM SAME JUDGMENT — TRANSCRIPT OF
RECORD—STATEMENT OF CASE.—When both litigants appeal from the same
judgment each must file a separate transcript of the record within the legal
period of time and each must submit a different statement of the case to
the trial court for approval unless the contrary is stipulated.
ID.—STATEMENT OF CASE.—This court has no authority to approve a statement
of the case unless the lower court refuses or is incapacitated to do so.
ID.—STATEMENT OF CASE—CONSTRUCTION OF LAW.—The provisions of our statute
regarding the time for filing a statement of the case must be construed
strictly.
ID.—STATEMENT OF CASE—CONSTRUCTION OF LAW.—Section 140 of the Code of
Civil Procedure does not authorize a district court to admit a statement of
the case after the legal period has expired. The word "proceeding" to
which the said section refers is a proceeding in the trial court and does not
include proceedings for perfecting an appeal.

The facts are stated in the opinion.
Mr. Miguel Guerra for appellant.
Mr. José de Guzmán Benítez for respondent.
MR. JUSTICE WOLF delivered the opinion of the court.
This was a divorce suit in which a complaint and cross com-
plaint were filed and the court below dismissed them both.
An appeal was taken by each of the parties. The husband
completed his record by presenting a statement of the case
to the court below which was duly approved and the tran-
script of record filed in this court. The appeal of the wife was
taken on May 14, 1913, and from that time until October
31, 1913, no transcript had been filed on her behalf and then
the appellee, the husband, moved to dismiss. On November
10 counsel for appellant came into court and alleged that as

both parties had appealed from the same judgment and as the judgment roll and the statement of facts were identical in each appeal, when the statement of facts was presented by the husband, he, counsel for the wife, had thought it was unnecessary to prepare a separate transcript and he prayed the court to approve the record which accompanied his motion and affidavit. At the hearing counsel for appellant submitted another motion and affidavit in which he set up some further facts to excuse his failure to present the transcript, now stating that he had had no sufficient opportunity to have the transcript certified by the secretary of the court, but if allowed to withdraw the same he would return it to the court duly certified within 48 hours. He also filed an affidavit setting forth that he had served a copy of the record on the appellee and that such copy was a true one. The appellee filed counter-affidavits generally opposing the granting of the motion and very elaborately showing the mistakes that existed in the statement of the case and denying that there was any notification of a proposal to submit a statement of the facts to the court below as maintained by appellant. There was a hearing on the second motion and counsel for appellant frankly admitted all the mistakes, justly ascribing them to the pressure under which he had been laboring and throwing himself on the mercy of the court.

If we had a discretion in this matter the case was too irregularly prepared for the exercise of it. Appellant never presented a statement of the case to the court below and the time for filing the transcript in this court was fixed by this court in rule 40 as 30 days. There was no record here when appellee filed his motion to dismiss several months thereafter. If appellant relied on the statement of the case prepared by her opponent she should have still presented a separate transcript within 30 days from the approval of the same. Unless the parties agree to present a single record the necessity, when there are cross appeals, for submitting separate transcripts and especially separate statements of facts may be

readily shown. The evidence indispensable for the purpose of one appeal may be useless for the cross appeal and *vice versa*. When husband and wife are each suing for divorce, as here, the possibilities are perhaps more striking. The facts of the alleged wrong-doing of the one may be entirely independent of the alleged wrong-doing of the other. While the wife might be entirely satisfied with the statement of facts prepared by the husband to support his appeal the husband might need an entirely different set of facts to defend the judgment rendered in his favor. He had a right to be heard to suggest amendments, changes and additions.

Even if we should permit the case to go back to the district court the secretary could only certify to the bare judgment roll. We have no power to make a statement of the case in this court except when the court below refuses or perhaps is unable to do so. *Orama et al.* v. *Oyanguren*, 19 P. R. R., 294; *The Fajardo Sugar Co.* v. *Santiago et al.*, decided December 18, 1913. Likewise we think the court below is now without such power.

Section 216 of the Code of Civil Procedure provides that a statement of the case should be presented to the court within 10 days from the date of the appeal unless such time is extended by the court. We are aware of the jurisprudence of the State of California which, construing a section of their code similar to section 140 of the Code of Civil Procedure, permits an appellant to file a statement of the case after the time has expired if the failure was due to mistake, inadvertence, surprise or excusable neglect. *Sprigg* v. *Barber*, 118 Cal., 591; *Baker* v. *Borello*, 131 Cal., 615; *Stonesifier* v. *Kilburn*, 94 Cal., 33–43; *Kaltschmidt* v. *Weber*, 145 Cal., 596. However, the practice in California is quite a little different from our own. The default must be taken advantage of only within six months. There can be no extension of time for a statement of a case for more than 30 days without the consent of the opposite side. An appeal does not act as a *supersedeas* without a bond and there must be a bond for

costs.   Under these circumstances, in the absence of some
restriction or limitation on the possibility of extension, our
statute must be strictly construed.   We think, besides, that
the Supreme Court of California in the attempt to comply with
the supposed spirit of the law violated its letter.   The words
of each code substantially are ''and also relieve a party or
his legal representatives from a judgment, order, or other
proceeding taken against him through his mistake, inadver-
tence, surprise or excusable neglect.''   The failure of a party
to present a statement of the case in time is not a ''judgment
or order or other proceeding taken against him.''   The pro-
ceeding would evidently be something in the nature of an
order, judgment or decree.   The corresponding ''proceeding''
would be the judgment of this court affirming the judgment
below, a proceeding evidently beyond the power of the court
below to relieve.

We think, moreover, that the whole spirit of section 140
shows that the proceeding was one that might arise in the
exercise of the lower court's ordinary jurisdiction and does
not apply to proceedings to perfect an appeal.   It is no hard-
ship to require an appellant promptly to present his appeal,
nor for him to realize that the failure to act speedily may
jeopardize his appeal.   A party has 30 days after judgment
to present an appeal and may make use of his statement in
a motion for a new trial and appeal from an order overruling
such motion.   Also the court may extend the time.   This court
is doing its utmost to speed the consideration of the causes
before it.   A great part of the delay in litigation happens
between the judgment and the forwarding of the transcript.
We think the judges below should not be too liberal in exten-
sions and that counsel should get ready immediately after
judgment to present their statements of the case so that the
latter may be settled while the case is still fresh in the minds
of the court and counsel.   A large part of these suggestions
have no application to counsel for appellant but are uttered
*arguendo* against the theory that a failure to present a state-

ment of the case may be excused. Even if this case should be sent back for corrections appellant could not present a statement of the case and her appeal would not avail her. The motion to dismiss must be granted.

> *Motion of appellant overruled. Motion of respondent sustained and appeal dismissed.*

Chief Justice Hernández and Justice Aldrey concurred.

Mr. Justice del Toro signed stating that he concurred in the decision, but not in all its grounds.

Mr. Justice MacLeary took no part in this decision.