THE FAJARDO SUGAR COMPANY, PLAINTIFF AND APPELLANT, *v.* SANTIAGO ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in injunction proceedings..

No. 1012.—Decided December 23, 1913.

STATEMENT OF CASE—CONSTRUCTION OF LAW.—The provisions of section 299 of the Code of Civil Procedure, amended by Act No. 70 of March 9, 1911, clearly prescribe the time within which the statement of the case should be filed and when the law is clear the letter thereof should not be undervalued under the pretext of complying with its spirit.

ID.—CONSTRUCTION OF LAW.—The provisions of section 140 of the Code of Civil Procedure do not authorize the trial court to admit a statement of the case presented after the expiration· of the time allowed by law. See *Pardo* v. *Pardo,* decided today.

The facts are stated in the opinion.

*Messrs. Armstrong & Keith* and *Luis Muñoz Morales* for appellant.

*Mr. José E. Benedicto* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

A judgment having been rendered by the District Court of San Juan, Section 1, on May 29, 1913, dismissing a petition

for an injunction presented by the Fajardo Sugar Company, and notice of said judgment having been served upon the plaintiff, said plaintiff appealed therefrom to this court.

Notice of said appeal was served on June 13, 1913, and on July 30 of the same year the appellant filed a motion in the district court, accompanied by an affidavit which stated that its attorney had been sick in bed from July 10 to July 15, from July 18 to July 21, and from July 24 to July 25. The prayer of the motion reads as follows:

"The mover prays the court to take into consideration this motion and the accompanying affidavit and, in its discretional power conferred by section 140 of the Code of Civil Procedure, to admit the statement of the case and bill of exceptions accompanying this motion, a copy of which has been served on the defendants."

The defendants were served with notice in fact, and in their acceptance of the same stated that they had filed already in the office of the secretary of the Supreme Court a motion for the dismissal of the appeal.

The district court considered the case and rendered the following decision:

"Attorney Luis Muñoz Morales, representing the Fajardo Sugar Company, prays this court for an extension of time for filing the bill of exceptions and statement of the case in the appeal taken by the said corporation from a judgment of this court, after the expiration of the time within which said statement should have been filed.

"In support of this petition the plaintiff cites *Bailies on New Trials and Appeals,* Second Edition, p. 264, in which it is said that when the time for the filing of a statement of the case has expired the court, upon good cause shown and upon such terms as justice requires may allow the party to file a statement *nunc pro tunc;* but this doctrine is based upon section 783 of the New York code which is not in force in Porto Rico. It reads as follows:

" 'After the expiration of the time within which a pleading must be made, or any other proceeding in an action, after its commencement, must be taken, the court, upon good cause shown, may, in its discretion, and upon such terms as justice requires, relieve the party from the consequences of an omission to do the act, and allow it to be done, except as otherwise specially prescribed by law.'

"We cannot put in force in Porto Rico laws which are not included in our Code of Civil Procedure, and basing our decision on American jurisprudence, which unanimously holds that after the expiration of the time for filing a statement of the case the court lacks authority to grant extensions of time, the motion presented by the plaintiff is overruled.

"San Juan, Porto Rico, August 4, 1913.

(Signed)     "FÉLIX CÓRDOVA DÁVILA,
"District Judge, Section 1."

The present appeal was taken by The Fajardo Sugar Company from that decision.

The law governing this case in Porto Rico is found in section 299 of the Code of Civil Procedure, amended in 1911 by Act No. 70, the pertinent part of which reads as follows:

"After filing an appeal from a judgment of the district court, the appellant must, within ten days from the date of the filing thereof, or of the extension of time in case the same should be granted by the court, present to said court a statement, a copy of which shall be served at the same time on the adverse party, stating the exceptions taken during the course of the proceedings and a summary of the case."

As to the time fixed for the filing of the bill of exceptions and statement of the case, the law is so clear that it needs no explanation. The time allowed is quite sufficient, bearing in mind the power to extend the same which the same act confers upon the trial judge.

Section 13 of the Revised Civil Code provides that when a law is clear and free from all ambiguity, the letter of the same shall not be disregarded, under the pretext of fulfilling the spirit thereof.

We have examined the Code of Civil Procedure of California and find no provision exactly similar to section 299 of our code as amended in 1911. However, section 650 of the California code, which is essentially the same as section 216 of the Porto Rico code, adopts a rule for the filing of the bill.

of exceptions the same as that established by said section 299 as amended in 1911 for the filing of the bill of exceptions and statement of the case, and as the bill of exceptions and statement of the case generally form one single document, or when drawn separately are always of the same character, the jurisprudence regarding the filing of bills of exceptions may be cited as applicable to the filing of statements of the case.

In the case of *In re Clary,* 112 Cal., 295, the Supreme Court of that State expressed itself as follows:

"The court below was clearly right in refusing to settle the proposed bill of exceptions as it was not prepared within the time allowed by the statute (Code of Civil Procedure, section 650), or any authorized extension thereof, and the appellant's right to have it settled was thereby lost. (Hayne on New Trial and Appeal.) The order of the judge granting an extension of time after the expiration of the statutory period within which to propose a bill was ineffectual and void and was properly ignored by the court as conferring no authority upon it to settle the bill."

Applying the doctrine quoted and especially the statute in force in Porto Rico, it must be held that the trial judge made the only ruling which he could properly make when he refused to admit the statement of the case presented after the time allowed by law had expired.

However, the appellant did not ask for the extension of a period of time which had expired, but moved the court to exercise the powers conferred upon it by section 140 of the Code of Civil Procedure and allow him to file his bill of exceptions and statement of the case after the expiration of the legal period.

Section 140 cited, which is similar but not exactly like section 473 of the Code of Civil Procedure of California, in its pertinent part reads as follows:

"Section 140.—The court may likewise, in its discretion, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in any other particulars; and may, upon like terms, allow an answer to be made after the time limited

by this code, and also relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; * * *."

Considering the order appealed from in connection with the above quotation, it should be sustained also because the said section contains no exception whatever to the general and absolute rule which the law in force provides for the filing of the bill of exceptions and statement of the case. In reaching that conclusion we are guided by the same considerations which, together with others, influenced us in deciding today the case of *Rosaura Pardo* v. *Mariano Pardo.* We ratify the doctrine therein laid down in the part relating to the point raised herein.

The decision appealed from should be affirmed.

*Affirmed.*

Justices Wolf and Aldrey concurred.

Mr. Justice del Toro concurred in a separate opinion of this same date.

Mr. Justice MacLeary took no part in this decision.

CONCURRING OPINION OF MR. JUSTICE DEL TORO.

A majority of the justices composing this court are of the opinion, in brief, that the order appealed from should be affirmed on the grounds on which the trial judge expressly based his decision; that is, because the time fixed by section 299 of the Code of Civil Procedure, as amended by Act No. 70 of 1911, having expired, the district court had no authority to approve the bill of exceptions and statement of facts, and they conclude that section 140 of the Code of Civil Procedure, cited by the appellant, is not applicable to cases of this kind.

In my judgment the spirit of section 140 of our Code of Civil Procedure, which is the same as section 473 of the Code of Civil Procedure of California, is so broad and liberal and its scope has been so enlarged by explanatory jurisprudence

that at present it cannot be denied that in proper cases a trial judge may admit, consider and approve a statement of the case presented after the time fixed by law has expired. This by no means signifies that I hold that a period of time may be extended after it has expired. What I hold is that in proper cases, in furtherance of justice and for a good cause duly alleged and proven, a bill of exceptions or statement of facts may be allowed to be filed after the legal period has expired. This is not extending a period previously expired, but is granting a special and new period.

In the case of *Sprigg* v. *Barner,* 118 Cal., 591, it was held that a "statement of facts" might be regarded as one of the "proceedings" referred to in section 473 of the Code of Civil Procedure of California.

In the case of *Baker* v. *Borello,* 131 Cal., 615, it was held that a bill of exceptions or statement of the case might be amended in accordance with the provisions of section 473 of the said code.

And the doctrine that the district court is authorized in proper cases to admit a bill of exceptions after the expiration of the time fixed therefor, in accordance with said section 473, is sustained in the cases of *Stonesifer* v. *Kilburn,* 94 Cal., 33, 43, and *Kaltschmidt* v. *Weber,* 145 Cal., 596, 597.

Therefore, having reached the conclusion that the district court could entertain the motion presented to it and decide the same on its merits, two solutions are open to the Supreme Court in deciding the present appeal, viz., to remand the case to the lower court for it to exercise its discretion and decide the question brought before it, or to hear and decide the question itself. In view of all the circumstances of the case, the last course should be adopted.

In order that a district court may be justified in disregarding the provisions of section 299 of the Code of Civil Procedure as amended in 1911 and, in the exercise of the powers conferred upon it by section 140 of said code, allow the filing of a bill of exceptions after the time fixed therefor has expired,

it is necessary that a really just and special reason be alleged and proven. Upon examining the facts on which the Supreme Court of California based its decision in the said cases of *Stonesifer* v. *Kilburn* and *Kaltschmidt* v. *Weber,* it will be seen that they were cases of errors committed in the computation of the periods of time; errors which were explained to the satisfaction of the court by the evidence offered by the interested parties.

A review of the facts stated in the opinion of the majority of this court shows that this did not happen in the present case. According to the affidavit filed, the attorney for the petitioner did not become sick until July 10, 1913, the very day on which the time allowed for the filing of the bill of exceptions expired. It is not alleged in the motion that the bill of exceptions was ready for filing on the 10th, and, if it were not, the attorney knew that it would be necessary to move for an extension of time. A motion for an extension of time is easily made and prudence would indicate the necessity of presenting the same sometime before the expiration of the period. Besides, according to the affidavit, the sickness of the attorney continued from the 10th to the 15th, from the 18th to the 21st and from the 24th to the 25th of July, 1913, and it is not understood why during the intervals between the 15th and 18th and the 21st and 24th the court was not informed of the fact of the sickness of the attorney and asked for a special extension of time for the filing of the bill of exceptions. And this situation becomes more prominent when it is considered that the last sickness of the attorney terminated on July 25 and the motion was not filed until the 30th when the attorney for the adverse party had already filed in the office of the secretary of this court a motion for the dismissal of the appeal. Considering the case, then, on its own merits, it must be concluded that the reason alleged is not sufficient to justify the prayer of the appellant and therefore, whatever the aspect in which viewed, the order appealed from is just and should be affirmed.