[Civ. No. 3284. First Appellate District, Division Two.—December 16, 1920.]

## W. J. SOMERS COMPANY (a Corporation), Respondent, v. J. L. SMITH, Trustee, etc., Appellant.

[1] JUDGMENTS—RELIEF UNDER SECTION 473, CODE OF CIVIL PROCEDURE—DILIGENCE REQUIRED.—A prime requisite for relief under the provisions of section 473 of the Code of Civil Procedure is that the party claiming injury from mistake, inadvertence, surprise, or excusable neglect shall show, affirmatively, diligence on his part after discovery of the facts.

[2] ID.—REFUSAL TO CERTIFY TRANSCRIPT — ABUSE OF DISCRETION — APPEAL.—On this appeal from an order denying a motion, made under section 473 of the Code of Civil Procedure, to vacate a prior order denying a motion to have certified a transcript for use on appeal from a judgment in favor of the plaintiff in an action to recover rent, the appellate court could not say that there was an abuse of discretion in the denial of the latter motion, the trial judge, upon evidence susceptible of a construction favorable to either party, having decided the question of delay and its excuse against the appellant; and no new matter of substance having been presented by the affidavits on the second motion, it was properly denied.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to vacate a prior order denying a motion to have certified a transcript on appeal. E. P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. L. Smith for Appellant.

McNair & Stoker for Respondent.

BRITTAIN, J.—The defendant appeals from an order denying his motion, made under the provisions of section 473 of the Code of Civil Procedure, to vacate a prior order denying a motion to have certified a transcript for use on appeal from a judgment dated May 15, 1917.

The appellant, as trustee for the creditors of the lessee of property of the plaintiff corporation, was sued for rent

of the premises during his occupancy after the original lessee had made to him a general assignment for the benefit of creditors. The judgment was for $970.85 and costs. Motion for new trial being denied, on August 21, 1917, the statutory notice was given the clerk of the court, and a copy thereof to the official reporter, for the preparation of transcript of the clerk's record and the trial proceedings. Notice of appeal was filed under the alternative method on September 15, 1917. No transcript was filed until April 4, 1918, when notice was given that it would be presented for settlement on April 8, 1918. Objections on several grounds to the settlement and certification of the transcript were presented to the judge before whom the matter was pending. The record fails to show formally when the matter was submitted, but since it appears that the counter-affidavits on behalf of the appellant in reply to the respondent's affidavits concerning the certification were filed in open court on June 5, 1918, and no further proceedings before determination appear, it may be assumed the matter was submitted on that day or shortly thereafter. Nearly a year later, May 14, 1919, there was a minute order denying the motion. The motion to vacate this order was noticed for June 20, 1919, on the grounds of mistake, inadvertence, surprise, and excusable neglect. The hearing was partly had and postponed from time to time until November 14, 1919, when the motion was denied. Notice of appeal from this order was filed November 26, 1919. The typewritten transcript bears a filing date in the superior court, January 2, 1920. It was certified by the clerk and filed in this court on April 5, 1920, and the appellant's closing brief was not filed until September 7, 1920. It does not appear that any of the many delays in bringing up for review the judgment for rent entered three and a half years ago were caused by the respondent or its attorneys.

[1] A prime requisite for relief under the provisions of section 473 of the Code of Civil Procedure is that the party claiming injury from mistake, inadvertence, surprise, or excusable neglect shall show, affirmatively, diligence on his own part after discovery of the facts. [2] In the affidavits filed in support of each of the motions and in opposition to them are set forth at great length many immaterial

and impertinent matters. The substantial statements relied on by the appellant on the motion to certify the transcript on the appeal from the judgment are that the reporter was inducted into military service shortly after the notice to prepare the transcript was given, and its preparation was thereby delayed; that the reporter, through ignorance or neglect, failed to prepare the clerk's transcript; that the appellant was compelled to employ outside help to have the transcript completed, when it was filed on April 4, 1918, seven and a half months after the order for the transcript was given. He contended, also, that there was an agreement between himself and the reporter that the clerk's transcript and the reporter's transcript should cost only $225. According to the reporter's affidavit that figure was given by him as an approximate estimate of what the reporter's transcript alone would cost. The reporter's transcript was delivered to the appellant on November 15, 1917, and in January, 1918, the appellant and the reporter, who were wrangling over the payment of the reporter's bill, adjusted between themselves their difficulties. The appellant was away from San Francisco a great deal of the time during the first three months of 1918. His stenographer, who copied the clerk's transcript, also copied for the appellant's use the reporter's transcript, and a considerable portion of the delay in filing the transcript was caused by this work undertaken for the appellant's benefit. No stipulation or orders were obtained by the appellant for extensions of the statutory twenty days for the filing of the transcript. No proceedings were instituted to compel the reporter to perform his duty, and no formal motion was made for relief because of inadvertence or excusable neglect. The element of surprise was wholly lacking. Because of the delay the certification of the transcript was opposed. The facts were before the judge when the motion for certification was submitted, and in the exercise of his discretion, on the conflicting evidence before him, he might have relieved the appellant from the consequences of delay. The certification was also opposed on the ground that the transcript was unreliable because for a period of something over four months it had been out of control of the court, and while no suggestion is made that it had been in any way altered, it was argued that the statute contem-

plates the transcript shall remain exclusively under the control of the court, to the end that the certifying judge may rely upon the assurances of verity given by the reporter and the clerk. It was also maintained that for the same reason the statute requires the transcript prepared under the new method to be filed by the reporter. A fourth objection was that certain exhibits had been omitted from the transcript, but the respondent admits that this could have been obviated. It does not appear necessary at this time to consider the other objections. Upon the question of delay and its excuse, the judge, upon evidence susceptible of a construction favorable to either party, decided the matter against the appellant. If the decision had been made promptly and the motion to vacate the order had been made upon the showing now before the court, it could not be determined that there was an abuse of judicial discretion in denying the motion. (*Murphy* v. *Stelling*, 138 Cal. 643, [72 Pac. 176] ; *Miller* v. *American Central Ins. Co.*, 2 Cal. App. 274, [83 Pac. 289].) No new matter of substance pertinent to the motion was presented by the affidavits on the second application. The only showing of mistake, inadvertence, and neglect was a repetition of what had been urged on the first motion, and apparently the only surprise was that the former decision was contrary to the appellant's expectations. There is no showing that during the long period of nearly a year that the first motion was under submission the appellant took any measures to bring about its determination. The entire record fails to show any diligence on the part of the appellant in bringing to hearing an appeal from a judgment which is presumably correct and of which the prevailing party was ostensibly entitled to the fruits nearly four years ago.

The order appealed from is affirmed.

Langdon, P. J., and Nourse, J., concurred.