[Civ. No. 9218. First Appellate District, Division One.—August 29, 1933.]

R. L. SHAW, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Francis Gill and Pillsbury, Madison & Sutro for Petitioner.

No appearance for Respondent.

THE COURT.—Application for writ of mandate. It appears from the contents of the petition filed therefor that petitioner proceeded to take an appeal from an adverse judgment in the respondent court pursuant to the alternative method provided by section 953a of the Code of Civil Procedure; that he complied with all necessary legal requirements to obtain a record on appeal, but that thereafter the phonographic reporter who had officiated at the trial died, and consequently it was impossible for petitioner within the time allowed by law or at all to have a record on appeal prepared in accordance with the provisions of said code section. Meanwhile his time for taking the appeal by way of bill of exceptions had lapsed; also his motion for new trial was denied by operation of law. Upon the grounds and for the reasons mentioned he presented a motion to the

respondent court, under the authority of section 473 of the Code of Civil Procedure, seeking to be relieved from the apparent default on his part in preparing and presenting within the statutory time a bill of exceptions to which he was then compelled to resort in order to present his case on appeal, or, in the alternative, to set aside the order denying his motion for a new trial and to grant a new trial. The motion was denied, and he now seeks by way of *mandamus* to compel the respondent court to "entertain anew" said motion and thereupon to relieve him from said apparent default, or, in the alternative, to vacate the judgment and grant him a new trial.

It has been definitely settled in this state, however, that an order refusing to relieve a party from default in presenting a bill of exceptions in due season on account of mistake, inadvertence, surprise or excusable neglect, is an appealable order. It was expressly so held in *Stonesifer* v. *Kilburn,* 94 Cal. 33 [29 Pac. 332]; and one of the latest decisions of the Supreme Court so holding is *Wood* v. *Peterson Farms Co.,* 214 Cal. 94 [3 Pac. (2d) 922, 923], the court there saying: "It has been held that an order denying relief from default in the preparation of a statement or bill of exceptions is appealable. (*Murphy* v. *Stelling,* 138 Cal. 641, 643 [72 Pac. 176]; *Brode* v. *Goslin,* 158 Cal. 699, 701 [112 Pac. 280].)"

Since it appears, therefore, that petitioner is afforded ample remedy by appeal to review the merits of the motion which he now seeks by this proceeding in *mandamus* to compel the trial court to grant, the application for the writ is denied.