WOOD VS. BLYTHE.

*Appealable orders.*

An order of the circuit court, after judgment, granting or refusing an exten-
    sion of the time for settling a bill of exceptions, and a stay of proceed-
    ings on execution, does not affect any substantial right, and is not appeal-
    able; and therefore an order of such court vacating an order of that kind
    made by a court commissioner, is not appealable. Sec. 10, ch. 264 of
    1860 (Tay. Stats., 1635, § 11).

APPEAL from the Circuit Court for *Fond du Lac* County.

Briefs were filed in this cause, by *Priest & Carter* for the
plaintiff (who was also appellant), and by *Shepard & Shepard*
for the respondent.

PER CURIAM. Appeal from an order of the circuit court
vacating and annulling, as illegal and void, an order made by
a court commissioner, *ex parte* and after judgment, extending
the time for settling a bill of exceptions in the cause, and stay-
ing proceedings on execution thirty days.

If the order of the circuit court is appealable, it is by virtue
of the fifth subdivision of sec. 10, ch. 264, Laws of 1860 (Tay.
Stats., 1635, § 11), which gives an appeal to this court from
an order made by the circuit court vacating or refusing to
set aside any order made at chambers, where, by the provis-
ions of the act, an appeal might have been taken in case the
order so made at chambers had been granted or denied by the
circuit court in the first instance.

Disregarding the question whether the commissioner had
power, without notice of the motion therefor, to make the
order which the circuit court vacated, we are to determine
whether the order of the commissioner would have been ap-
pealable had it been made by the circuit court. If an appeal
will not lie from such an order, it does not lie from the
order appealed from in the present case.

The only provision of the statute applicable to this question is contained in the second subdivision of the section above cited, wherein an appeal is allowed from a final order affecting a substantial right, made upon a summary application in an action after judgment. Is such the character of the order made by the commissioner? We think not. The order was a matter of procedure, and does not affect a substantial right, in the sense in which that term is employed in the statute. On the contrary, it merely granted a favor authorized by the statute, but which the party could not claim as a right. See *Jarvis v. Hamilton*, 37 Wis., 87.

Appeal dismissed.