[No. 8,534—In Bank.]

November 14, 1882.

## A. E. FRAZER ET AL. v. THE SUPERIOR COURT OF SAN FRANCISCO.

SETTLEMENT OF STATEMENT ON MOTION FOR NEW TRIAL.—Mandamus to a Superior Judge to compel him to settle plaintiff's statement on motion for new trial. The statement did not set forth any of the evidence, but simply referred to the reporter's notes and directed that they should be inserted in full.

Held: Such a statement is not a proper one, and the Court may disregard it.

APPLICATION for writ of mandamus to the Superior Court of the City and County of San Francisco. WILSON, J.

E. W. McGraw, for Plaintiff, cited C. C. P., §§ 274, 648; 2 Hittell's Codes, § 10,648; 3 id., § 10,274; Kimball v. Semple, 31 Cal. 659; Hess v. Winder, 30 id. 349; Loucks v. Edmondson, 18 id. 203.

McAllister & Bergin, for Defendant.

The COURT:

This is an application for a writ of mandamus to compel the Hon. T. K. Wilson, a Superior Judge of the City and County of San Francisco, to settle plaintiff's statement on motion for a new trial. When the statement was served on the attorneys for the adverse parties, and before any amendments thereto were proposed, defendants "protested against the pretended statement on motion for a new trial which had been served upon them, that it is utterly insufficient and fails

to set forth any proper statement of the case. It merely amounts to a reference to the reporter's notes, without incorporating said notes in the proposed statement." The learned Judge, in denying the motion to settle the so-called statement, placed his refusal on the ground that "the proposed statement is wholly insufficient, as a proposed statement on motion for a new trial, and must be disregarded." We think the motion to settle the proposed statement was properly denied. It does not set forth any of the evidence in the case, but simply refers to the reporter's notes. Its language is: "All of which" (the facts in the case) "will more fully appear from said statement of the facts which reads as follows (insert reporter's notes in full)." Such a statement is not a proper one, and the Court may disregard it. (*People* v. *Getty*, 49 Cal. 584; *People* v. *Sprague*, 53 id. 422.)

Application denied.