[No. 13989.   In Bank. — December 4, 1890.]

A. G. STONESIFER ET AL., PETITIONERS, v. J. W. ARMSTRONG, JUDGE, ETC., RESPONDENT.

NEW TRIAL — BILL OF EXCEPTIONS — EFFECT OF FAILURE TO SERVE IN TIME. — The same rule of law applies to bills of exceptions as to statements on motion for a new trial, in the respect that the party moving for a new trial must prepare and serve his bill of exceptions within the time allowed by law for that purpose, or it cannot be settled, or if settled, cannot be considered, either at the hearing of the motion or on appeal.

ID. — RELIEF FOR MISTAKE AND EXCUSABLE NEGLECT — MANDAMUS. — The question whether the court has power to relieve the party moving for a new trial from the objection that the bill of exceptions was not filed in time, on the ground of mistake, surprise, or excusable neglect, under

section 473 of the Code of Civil Procedure, cannot be determined upon an application for a *mandamus* to compel the settlement of the bill, although the court has found and certified that the same was not served in time by reason of the mistake, inadvertence, and excusable neglect of the counsel of the moving party.

ID. — DISCRETION — REVIEW ON APPEAL. — Assuming that the court has power to· grant such relief under section 473 of the Code of Civil Procedure, whether it shall do so or not is matter resting in the discretion of the court, which cannot be controlled by *mandamus*, and can only be reviewed on an appeal in case there is error or abuse of discretion in the action of the court.

APPLICATION to the Supreme Court for a writ of *mandamus*. The facts are stated in the opinion of the court. ⹄

*Edward J. Pringle, Stonesifer & Minor*, and *Brewton A. Hayne*, for Petitioners.

*William Matthews*, and *Wright & Hazen*, for Respondent.

The COURT. — This is an application for a writ of mandate to compel the respondent to settle a bill of exceptions, in a case tried before him in Stanislaus County, entitled Stonesifer et al. *v.* Kilburn et al. The bill was not presented to the judge for settlement within the time prescribed by law, or by any order or stipulation extending the same. Upon presentation, although the judge found, and in his order certified, that the same was not served in time, by reason of the mistake, inadvertence, and excusable neglect of one of the attorneys of the plaintiffs who had charge of the matter, he sustained the objection of the other party to the settlement thereof, on the ground that the same was not served in time, and that he had no power to relieve the party from such mistake, inadvertence, and neglect, and refused to settle the bill.

In *Bunnel* v. *Stockton*, 83 Cal. 320, this court, in Bank, said: "The moving party must prepare and serve his statement within the time allowed by law for that purpose, or it cannot be settled, or if settled, cannot be con-

sidered, either at the hearing of the motion or on appeal to this court." The same rule of law, in this regard, applies to bills of exceptions as to statements.

When the objection was interposed in the court below, the plaintiff, upon notice and affidavits, moved to be relieved from the objection, on the ground of mistake, inadvertence, surprise, and excusable neglect, and it was upon the hearing of that motion that the order was made, and the settlement of the bill refused. Assuming that the court has the power to grant this relief under section 473 of the Code of Civil Procedure (which, however, we do not now decide, for we do not think the case a proper one in which to determine the same), whether it shall do so or not is a matter resting in the discretion of the court. We cannot command what its action shall be. At most, we could only command it to act. It has already done so. If there was error or abuse of discretion in its action, the same may be reviewed on appeal, but we cannot reverse its action by mandate.

The writ must be denied.