[No. 14527.   In Bank. — November 23, 1891.]

## S. VISHER, PETITIONER, *v.* ANSEL SMITH, JUDGE OF THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, RESPONDENT.

BILL OF EXCEPTIONS — SKELETON BILL — PERMISSION TO PREPARE NEW DRAFT — NEGLECT TO COMPLY. — When a bill of exceptions presented for settlement is a skeleton bill, and is objected to as such by the opposite party, and the judge, upon denying a motion to strike out the bill, refuses to recognize it as entitled to settlement, and allows three days in which to prepare and serve a proper draft of a bill, such permission is a favor to be accepted according to its terms, and the neglect to comply therewith within the time allowed by the judge places the party proposing the bill in the same position as if he had originally failed to prepare and serve a draft of his bill within the time allowed by law.

ID. — SETTLEMENT — EXPIRATION OF TIME — AUTHORITY OF JUDGE. — The judge has no authority to settle a bill of exceptions prepared and served after the expiration of the time limited by his permission to prepare and serve a proper draft in lieu of a previous skeleton bill, in the absence of a legal excuse for the neglect, and his action in refusing to settle such bill is correct.

ID. — EXCUSE FOR NEGLECT — MANDAMUS. — Any legal excuse for neglect in preparing and serving a bill of exceptions must be presented to the judge for his determination, and an erroneous ruling thereon may be corrected under a *mandamus* from this court.

ID. — ADJUDICATION — MANDAMUS — DISMISSAL OF APPLICATION — MANDATE TO SUCCESSOR IN OFFICE. — The refusal of the judge who granted the permission to settle the bill prepared and served after the expiration of the time allowed is an adjudication that the bill ought not to be settled, and if an application for a *mandamus* to compel the settlement is dismissed for want of prosecution, it leaves the ruling as a final determination that the judge was justified in refusing to settle the bill, and his successor in office cannot be compelled by writ of mandate to settle it.

APPLICATION to Supreme Court for writ of mandate to the judge of the Superior Court of San Joaquin County. The facts are stated in the opinion of the court.

*L. W. Elliott*, for Petitioner.

*Baldwin & Campbell*, and *J. C. Campbell*, for Respondent.

HARRISON, J. — Petitioner asks for a writ of mandate to compel the respondent, as judge of the superior court of San Joaquin County, to settle a bill of exceptions in the case of *Johnson* v. *Visher.* That action was tried in said superior court before the Hon. J. G. Swinnerton, judge of said court, and judgment was rendered therein in favor of the plaintiff, March 20, 1889. The petitioner, who was the defendant in said action, having within due time thereafter prepared a draft of a bill of exceptions, and no amendments having been proposed thereto, appeared before said judge for the purpose of settling the same, on the 22d of June, when the attorney for the plaintiff moved to strike out the bill for the reason that it was a " skeleton bill," and not a bill of exceptions. This motion was denied, but the defendant was allowed three days " in which to prepare and serve a bill of exceptions." No further extension of time was granted, either by order or stipulation, nor did the defendant prepare or serve any bill of exceptions in accordance with this order, until December 26, 1889. In the mean time, however, the defendant's attorney prepared " amendments " to the original bill, and presented them with said original bill to the judge for settlement, but the judge directed that the bill and amendments be engrossed and served upon the plaintiff. The bill as thus engrossed was not, however, served upon the plaintiff until December 26th. When this bill was presented to the judge for settlement, the plaintiff's attorney objected to any settlement of the same, on the ground that it had not been prepared or served within the time allowed by law or by the court, and upon this objection

the judge refused to settle the same. Thereafter, to wit, July 12, 1890, the petitioner obtained an alternative writ of mandate from this court, directed to said judge, commanding him to settle said bill, or show cause before this court why he should not do so. Upon the return day of this writ the judge appeared and made answer thereto, and thereafter said petition was dismissed for want of prosecution. Said judge having on the fifth day of January, 1891, ceased to hold his said office, the petitioner thereafter presented said bill of exceptions to the respondent herein, as the successor in office of said Swinnerton, with the request that he settle the same. The respondent thereupon appointed June 2, 1891, as the day for the settlement thereof, at which time counsel for plaintiff and Judge Swinnerton were present, whereupon, upon ascertaining from an examination of the petitioner's counsel and Judge Swinnerton the foregoing facts connected with the preparation of said bill, the respondent refused to settle the same, "upon the ground that the petitioner did not comply with the order of the court of June 22, 1889, in preparing and serving said bill of exceptions, and upon the further ground that the trial judge, with all of said facts before him, had refused to settle the same bill of exceptions for the same reason, to wit, that the same had not been presented or served within the proper time." Upon this refusal of the respondent, the petitioner made this application.

We must presume, upon the facts presented by the petition and answer herein, that the draft of the bill which was originally presented to Judge Swinnerton for settlement was a "skeleton bill," and that his action in refusing to recognize it as entitled to settlement, and in directing a proper draft of a bill to be prepared and served within three days, was correct. (*People* v. *Sprague,* 53 Cal. 422; *Frazer* v. *Superior Court,* 62 Cal. 49; *Hearst* v. *Dennison,* 72 Cal. 227.)

The permission of the judge to supply this defect, and to enable the petitioner to avoid the consequences of

having no bill of exceptions in the case by preparing and serving another, was a favor, which was to be accepted by the petitioner according to its terms. His neglect to do so placed him in the same position as if he had originally failed to prepare and serve a draft of his bill within the time allowed by law. After that time, and such additional time as the court might grant, had expired without his preparing and serving any draft, the judge had no authority to settle any bill, and the action of Judge Swinnerton in refusing to settle the bill was correct. (*Bunnel* v. *Stockton*, 83 Cal. 319; *Stonesifer* v. *Armstrong*, 86 Cal. 594.) If there were any circumstances connected with such neglect which would have afforded a legal excuse therefor, they should have been presented to Judge Swinnerton for determination. If thereupon the judge had made an erroneous ruling, it could have been corrected under a *mandamus* from this court. The petitioner could not permit the ruling of Judge Swinnerton to remain unquestioned, and afterwards present the same bill to his successor in office, and ask a different ruling upon the same state of facts. The refusal of Judge Swinnerton was an adjudication that the bill ought not to be settled.

The petitioner did make application to this court for a mandate compelling Judge Swinnerton to settle said bill, and in that proceeding he had the opportunity to set aside his ruling, if the facts would have authorized it; but instead of prosecuting that proceeding to such determination, it was dismissed for want of prosecution. This left the original ruling of the judge as a final determination that he was justified in refusing to settle the bill, and if so, the respondent herein cannot be compelled to settle it.

The application for the writ is denied, and the alternative writ heretofore issued is discharged.

DE HAVEN, J., SHARPSTEIN, J., PATERSON, J., GAROUTTE, J., and MCFARLAND, J., concurred.