HATCH, Respondent, vs. KURTZWEIL and another, Appellants.

*November 5 — November 29, 1901.*

*Appealable order.*

An order after judgment made under sec. 2831, Stats. 1898, permitting a party to file exceptions to the findings and extending the time for settling a bill of exceptions, does not affect any substantial right and is not appealable.

APPEAL from an order of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Appeal dismissed.*

On January 5, 1900, judgment was entered for the defendants discharging the lien of plaintiff's mortgage. No exceptions were filed to the findings and no steps were taken toward settling a bill of exceptions until January 12, 1901, when the plaintiff obtained an order to show cause why plaintiff should not be permitted to file exceptions, and why the time for settling a bill of exceptions should not be extended. The order was based upon the record and upon the affidavit of one of plaintiff's attorneys. On the hearing it was met by counter affidavits, but after due consideration, and on January 18, 1901, the court made an order allowing plaintiff to file exceptions to the findings within twenty days, and to serve a bill of exceptions within sixty days,

upon payment of $10 attorney fees. Due exceptions were made to the order, and this appeal is taken therefrom by the defendants.

The cause was submitted for the appellants on the brief of *Bump, Marchetti & Bump,* and for the respondent on that of *A. L. Kreutzer.*

BARDEEN, J. The case of *Wood v. Blythe,* 42 Wis. 300, decides that an order of the circuit court, after judgment, granting or refusing an extension of the time for settling a bill of exceptions, does not affect any substantial right and is not appealable. The fact that the order in this case allows the plaintiff to file exceptions to the findings does not alter the situation. The authority of the court in both instances is given by sec. 2831, Stats. 1898.

Under the rule laid down in the case above mentioned, there is nothing for us to do but to dismiss the appeal.

*By the Court.*— So ordered.