STATE EX REL. POWER ET AL., RELATORS, *v.* NAPTON, RESPONDENT.

(No. 1,948.)

(Submitted May 23, 1903. Decided June 6, 1903.)

*Referees—Bill of Exceptions—Duty of Counsel to Incorporate Evidence—"Exceptions."*

1.  Under Code of Civil Procedure, Section 1152, it is the duty of counsel to incorporate in their bill of exceptions so much of the evidence in substance, as is necessary to explain the objection and exception reserved thereon, and a referee is justified in refusing to settle a bill which recites, "The following testimony was taken before the referee: (Clerk will here insert testimony)."
2.  Under the provisions of the Code of Civil Procedure, the term "exception" has an extended signification, there being exceptions on the ground of insufficiency of the evidence, as well as exceptions on the ground of error in law.

3.   *Semble:* After a referee has filed his report, he may file corrections of manifest clerical errors in his report, without another reference of the case for the purpose of permitting him to make them.

APPLICATION for *mandamus* by the state, on the relation of W. I. Power and Thomas Trevaille, against H. P. Napton, referee.   Dismissed.

*Mr. George A. Maywood,* and *Mr. D. M. Durfee,* for Relators.

*Mr. W. L. Brown,* and *Messrs. Word & Word,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *mandamus.*   On March 11, 1902, in a cause entitled *"Power et al.* v. *Patten,"* pending in the district court of the Third judicial district in and for Granite county, brought for the purpose of dissolving a partnership between the plaintiffs and the defendant and for a settlement of the partnership accounts, H. P. Napton, Esq., was by the court appointed referee to hear and decide all the issues involved, and to report findings and a judgment thereon.   The referee heard the evidence, and made his findings and conclusions of law, showing a balance due defendant, and on February 18, 1903, his report embodying them was filed with the clerk. On the following day the clerk notified counsel for both parties of the decision of the referee.   On March 12th the referee filed with the clerk a paper entitled "Correction of Report of Referee," calling the attention of the court to certain "clerical" errors appearing in the findings of fact, and recommending that they be corrected by the court.   On March 13th the court overruled plaintiff's objection to the report, and directed a decree to be entered in accordance with the report, after making the correction suggested by the referee.   On March 20th counsel for plaintiffs served and filed their notice of intention to move

for a new trial embodying all the statutory grounds. On March 28th they served upon counsel for defendant a draft of their proposed bill of exceptions. Amendments were proposed, but with a reservation that objection would be made to settlement on the ground that the notice of intention had not been served in time. The bill with the amendments was then, upon due notice, presented to the referee for settlement. Counsel for the defendant objected to the settlement on the ground that the notice had not been served in time, and also upon the further ground, among others, that the bill as presented was not prepared in "manner, form, and substance" as required by Section 1152 of the Code of Civil Procedure, in that it questions the sufficiency of the evidence to sustain the findings of the referee, while it contains no statement of the case, but simply refers to the evidence heard by the referee. The portion of the bill referred to contains the following: "After the filing of said order (of reference), to-wit, between the 29th day of April and the 3d day of May, 1902, the following testimony was taken before the referee: (Clerk will here insert testimony.)" The referee, after a hearing, but without giving any reason, refused to settle the bill, and at once notified counsel of his action. Thereupon counsel for plaintiffs applied to this court for a writ of *mandamus* to compel the referee to make the settlement.

Upon the return of the alternative writ two questions were argued and submitted, namely: (1) Whether the notice of intention was served and filed within ten days after notice of the decision of the referee, and, incidentally, whether the ten days for giving the notice under the statute (Code of Civil Procedure, Sec. 1173) began to run from the date of notice of filing of the report on February 18th, or whether it began to run from the date of the corrected report on March 12th; and (2) whether, conceding that the notice was given in time, the bill was proposed in such form that it was the duty of the referee to settle it.

Under the view we have taken of this case, it will not be necessary to decide the first question submitted. The errors cor-

rected consisted of a substitution in the findings of fact of the name of one of the plaintiffs for that of the defendant where it was obvious that the referee had intended to use the name of such plaintiff, and in the footings of the items of account by which the amount of the judgment recommended was less by $150 than it should have been, this being entirely clear from an inspection of the items. We doubt whether the corrections were not properly made without another reference of the case for the purpose of permitting the referee to make them. But, be this as it may, the bill as presented to the referee was not in such form that he was required to settle it. Under Section 1152 of the Code of Civil Procedure it was the duty of counsel to incorporate in their bill so much of the evidence, in substance, as was necessary to explain the objection and exception reserved thereon. Under this section reference may be made to the documents on file in the action when such reference will sufficiently present the objection and exception relied on; and, so far as these are concerned, the bill may be presented for settlement in skeleton form. But this provision does not apply to the evidence, for the obvious reason that the evidence introduced upon the hearing must be reproduced from the stenographer's notes, and settled by the judge or referee, in order that the record may conform to the truth. To produce the evidence is the duty of the party desiring to preserve it in the record to be used on his motion or upon appeal. The determination of what evidence was introduced on the trial, and the reduction of it to proper form, may not be left to the clerk, for the clerk may not be allowed to determine what evidence was used, or whether the form in which it is sought to be incorporated in the bill meets the requirements of the statute. Hence the bill as presented by the plaintiffs was not such in form or substance as to meet the requirements of the statute. This has been declared to be the rule by the Supreme Court of California under a statute containing identical provisions, and we think the cases decided by that court are clearly correct. (*People* v. *Getty,* 49 Cal. 581; *Frazer* v. *Superior Court,* 62 Cal. 49; *Valleau* v. *Superior*

*Court,* 62 Cal. 290.) Section 1173 of the Code of Civil Procedure, in relation to a bill of exceptions or statement on motion for new trial, contains no such provision as that referred to in Section 1152, *supra,* with reference to the contents of the bill or statement. Yet that provision unquestionably applies to such a bill or statement, for the reason that the term "exception" "has an extended signification, there being exceptions on the ground of insufficiency of the evidence as well as exceptions on the ground of error in law." (Hayne on New Trial and Appeal, Sec. 156.)

The bill presented by the plaintiffs was not a proper one, and the referee was justified in disregarding it. The alternative writ is therefore set aside, and the application dismissed.

*Dismissed.*