## SAMUEL J. RABINOWITZ et al. v. W. S. CRABTREE.

(145 N. W. 1055.)

Appeal — state of case — default in preparing — relief — order refusing — final order — substantial right — appealable.

An order refusing to relieve appellant from default in preparing and serving his proposed statement of the case is a final order affecting a substantial right, and is appealable.

Opinion filed March 25, 1914.

Appeal from the County Court of Stutsman County, *Hemmi,* J.

Motion to dismiss the appeal denied.

*C. S. Buck* and *John A. Jorgenson,* of Jamestown, North Dakota, for defendant and appellant.

27 N. D.—23.

*Jones & Hutchinson,* of La Moure, North Dakota, and *Thorpe & Chase,* of Jamestown, North Dakota, for plaintiffs and respondents.

BURKE, J. Plaintiffs recovered judgment in the lower court upon a jury trial. The defendant instructed his attorneys to move for judgment notwithstanding the verdict or for a new trial, and in case this motion was denied to appeal to this court. Owing to a misunderstanding with the official court stenographer a transcript of the evidence was not ordered, and plaintiffs, assuming that no appeal would be taken, issued execution. This was defendant's first intimation that no appeal had been taken, and he thereupon made application to the court for an order granting him additional time in which to procure a transcript of the testimony, to prepare a statement of the case, and to move for judgment notwithstanding the verdict, etc. This motion came on for hearing upon affidavits, and was denied by the court. From this order of denial defendant appealed to this court, and the present controversy is brought about through a motion of the plaintiffs to dismiss the said appeal upon the ground that the order is not appealable. This opinion will not deal with the merits of the case itself or of the application for an extension of time, but will be confined to the proposition; *viz.,* is the order of the trial court one that can be reviewed upon appeal to this court?

(1) The application to the trial court was made either under § 7068 or § 6884, Rev. Codes 1905. Section 6884 reads: "The court may likewise, in its discretion and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code, or by an order enlarge such time; and may also, in its discretion and upon such terms as may be just at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code, the court may, in like manner and upon like terms, permit an amendment of such proceedings, so as to make it conformable thereto." This section was formerly § 143, Code of Civil Procedure 1877. Sections 7058 and 7065 relate to preparations and settlements of statements of the case, and

notice, of motions for new trials, and § 7068 reads: "The court or judge may, upon good cause shown in furtherance of justice, extend the time within which any of the acts mentioned in §§ 7058 and 7065 may be done, or may, after the time limited therefor has expired, fix another time within which any of such acts may be done." This last section is taken from § 8, chapter 21, Compiled Laws of 1887, was incorporated as § 5477, Rev. Codes 1895, and is now found in § 7, chap. 131, L. L. 1913. As § 7068 more specifically relates to the subject of settling statements of the case, its terms will probably govern in case of a conflict with § 6884.

Under either section, however, it is clear that the trial court may extend the time for settling a statement of the case in furtherance of justice and upon good cause shown. Whether or not such cause was shown in this case was a matter in dispute before the trial court, and his decision was challenged by the defendant. As already stated, this opinion will not deal with the correctness of such order, but merely with the question of the rights of the defendant to appeal at all.

Section 7225, Rev. Codes 1905, specifies what orders may be appealed to the supreme court, and subdivision 2 provides that an appeal may be had from a final order affecting a substantial right made in special proceedings, or upon a summary application in an action after judgment. The above section covers the legal proposition here involved. The order of the trial court ended the remedies of the defendant. If he cannot avoid such order he can take no further steps in the litigation, but must submit to the judgment entered against him. It is conceded that the trial court can extend the time only upon good cause shown, but whether or not good cause has been shown is a dispute of fact in the decision of which the trial court must use his discretion, and has a right to err. Lindblom v. Sonstelie, 10 N. D. 140, 86 N. W. 357. It being conceded, then, that the trial court has jurisdiction of the subject-matter, it cannot be reached by mandamus or certiorari. In Sly v. Kilbourn City, 144 Wis. 203, 128 N. W. 872, it is said: "There is no question but that this was the final order made upon a summary application in an action after judgment. But it is contended that the order does not affect a substantial right, and therefore is not appealable. It has long been a rule of practice in this court that upon appeal from discretionary

orders, if the discretion of the court below has been abused, the order will be reversed, but if it is found that the discretion has not been abused the appeal will be dismissed." The language used in Hatch v. Kurtzweil, 112 Wis. 231, 87 N. W. 1082; Wood v. Blythe, 42 Wis. 300, and stating generally that orders of this kind are not appealable, is too broad, and should be restrained. In Murphy v. Stelling, 138 Cal. 641, 72 Pac. 176, it is said: "But when the party seeking the settlement has not strictly and fully complied with statutory requirements, and appeals to the court for relief upon the ground that his failure has been caused by surprise, accident, or excusable neglect, and when necessarily the granting of relief rests in the sound discretion of the court, a different case is presented. In such a case mandamus is a wholly inadequate remedy, because the discretion of the trial court may not be coerced. (Stonesifer v. Armstrong, 86 Cal. 594, 25 Pac. 50). Its exercise of discretion may, however, be reviewed on appeal from the order denying relief. . . . In the case of Kaltschmidt v. Weber, 136 Cal. 675, 69 Pac. 497, an appeal from an order granting relief on the ground of excusable neglect, and settling a statement, was dismissed upon the ground that it was reviewable only upon an appeal from an order granting or refusing a new trial. This was in accordance with numerous decisions of this court based upon the obvious distinction between the effect of settling and refusing to settle a statement on motion for a new trial. The latter is necessarily final, and must be corrected, if at all, by mandamus, where it will lie, or by an appeal, where mandamus is not available. The former is but an intermediate step in the proceeding which culminates in an order granting or refusing a new trial, and can only be reviewed on appeal from the final order. There is no want of harmony in these various decisions if the plain distinction between the cases is observed."

In the case at bar, mandamus evidently will not lie, because the court has exercised his discretion. Had he refused to act, a different case would be presented. Had he allowed the extension of time, the order would be reviewable in connection with the main appeal, and there would be no necessity for a separate appeal from the order; but the application was denied, thus making the order final. It therefore affects the substantial right of the defendant, and is appealable. Motion to dismiss the appeal is denied.