MARTÍNEZ, PETITIONER, v. SOTO NUSSA, RESPONDENT.

PETITION for a Writ of *Certiorari* to the Judge of the District Court of Aguadilla in an Action for Acknowledgment of Natural Children.

No. 140.—Decided March 4, 1915.

APPEAL—STATEMENT OF CASE—BILL OF EXCEPTIONS.—When a statement of the case or bill of exceptions is filed for the purposes of an appeal it is the duty of the court, according to section 299 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, to set a day for the appearance of the parties and to give them an opportunity to be heard before the case is finally submitted.

ID.—STATEMENT OF CASE.—The mere fact that the appellant did not have the stenographer's notes before him when he prepared the statement of the case is not sufficient to justify a refusal by the court to approve the same, for what is essential in a document of this kind is that it be in accordance with the facts, and the arbiter to determine this is not the stenographer but the trial judge.

ID.—STATEMENT OF CASE.—While in a great majority of cases the notes of the official stenographer serve as a basis for the statement of facts drawn up for the purposes of appeal, nevertheless a statement of the facts may be prepared from notes taken by the party himself or by another person, provided it be a true statement of the facts.

ID. — STATEMENT OF CASE — BILL OF EXCEPTIONS — NOTES OF STENOGRAPHER — RECORD OF CASE—DISCRETION OF COURT.—The notes of a stenographer taken at a trial are not official records and can only be made part of the record of a case by being incorporated in the statement of the case or bill of exceptions signed and settled by the judge. The use of said notes is not a matter of absolute right, but rests in the discretion of the judge who settles the statement, and, when used, the notes should be condensed and the evidence recited in a narrative form.

The facts are stated in the opinion.

The petitioner appeared *pro se.*

*Mr. Juan B. Soto* for the respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is a petition by Víctor P. Martínez for a writ of *certiorari* to Isidoro Soto Nussa, Judge of the District Court of Aguadilla. The petition was filed in the office of the Secretary of the Supreme Court on February 12 last; the writ was ordered to be issued on February 15 and the hearing

thereon was held on February 24, whereupon the matter was submitted finally to the court for consideration and decision.

It appears from the petition and from the original record in suit No. 1413 of Aguadilla brought by Cecilia Méndez as the mother and legal representative of her minor children, Pedro Angel and Laura María Méndez, against Víctor P. Martínez y González for the acknowledgment of natural children, which record was sent up to this court by virtue of the writ of *certiorari,* that judgment having been rendered in said case No. 1413, the defendant appealed therefrom to the Supreme Court on January 27, 1915, and on February 4, 1915, for the purposes of the appeal, filed a document entitled "Statement of the Case and Bill of Exceptions" composed of 34 pages, of which 27 contain the statement of facts and seven the bill of exceptions.

On February 6 the plaintiff-respondent, by her attorney, Carlos Franco Soto, filed a motion whose pertinent part reads as follows:

"That she has been served with a copy of the statement of the case presented by the defendant in this case.

"That under section 299 of the Code of Civil Procedure, as amended on March 9, 1911, the only official source from which to prepare a statement of the case is the record of the stenographer, and the said statement has been drawn up by the defendant without having before him the notes of the stenographer of the court of Aguadilla, therefore the said statement has not been prepared in the manner provided for by the statute cited above.

"That as a consequence no amendments can be proposed now to the said statement because the greater part of the testimony of the witnesses is abbreviated in some instances and its meaning changed in others.

"That the same is true of the documentary evidence. Extracts are given from the letters offered in evidence in such a manner that their meaning is not understood and no abstract is made of the unquestioned documentary evidence which was introduced for the purpose of comparison and to show the authenticity of the letters.

"Wherefore, the plaintiff prays:

"1. That the said statement be not admitted in the form in which it has been presented or until it is based on the notes of the stenographer's record.

"2. That the right be reserved to the plaintiff to make amendments thereto when the statement is presented in proper form.

"3. That the original letters introduced in evidence by the plaintiff be sent up to the appellate court pursuant to the provisions of section 299 of the Code of Civil Procedure and that the original document which was introduced without question for the purpose of comparison with the said letters be also sent up."

On February 8 the plaintiff-respondent filed another motion accompanied by several documents. The pertinent part of the motion is as follows:

"That for the purpose of proving that the defendant did not have the record of the stenographer before him when he prepared the statement of the case although he had opportunity to have it, I exhibit with this motion an affidavit of the stenographer of this court and copies of the correspondence between the said stenographer and the defendant showing that the latter groundlessly and deliberately refused to avail himself of the said stenographic record, and with this in view the plaintiff files this motion as in amplification of the one filed in this case on the sixth instant, repleading the prayer of the former motion."

The documents referred to in the last motion tend to show that Víctor P. Martínez asked the stenographer of the District Court of Aguadilla for a copy of his notes; that the stenographer replied that the record consisted of 239 sheets and would cost $64.53; that Martínez thereupon stated that he had accurate notes of the trial, but, nevertheless, would pay $30 for the stenographic record. The stenographer refused the offer and Martínez contended that he should charge according to the number of words and not according to the number of sheets. The stenographer informed him that he agreed to this and finally answered that the record contained approximately 64,530 words.

Copies of both motions and of the accompanying documents were mailed to the defendant-appellant.

The case being thus, on February 8, 1915, the District Court of Aguadilla, without hearing the defendant-appellant, rendered the following decision:

"On motion by Carlos Franco Soto and Juan B. Soto, counsel for the plaintiff, objecting to the admission of the statement of the case and bill of exceptions filed by the defendant-appellant, Víctor P. Martínez y González, and

"WHEREAS, It appears from a certificate included in the record of the stenographer of the court, Enrique Contreras, that none of the litigants requested of him either a plain or a certified copy of the stenographic record taken at the said trial and that, therefore, neither of the parties has obtained such copies nor could have utilized the same for any legal purpose connected with the proceeding.

"WHEREAS, The document presented by Víctor P. Martínez y González as defendant and appellant under the title of 'Statement of the Case and Bill of Exceptions' is not a true statement drawn up as required by law, for which reason it cannot be considered as such because of the failure of said party to comply with the statutory requirements governing the matter.

"WHEREAS, The document referred to is an incorrect, informal and irregular statement if compared with the official record and was prepared in a capricious and arbitrary manner undoubtedly from memory or from mere notes taken by the party or under his order, or perhaps from the stenographic record of the former trial of this same case, which data is without value or effect because the only legitimate source of information concerning the legality and accuracy of the proceedings had at the trial and of the evidence introduced is the notes taken by the official stenographer of the court, which notes, although they may be defective or erroneous, the party should have before him in order to prepare a true and lawful statement of the case and bill of exceptions, according to the provisions of section 214 of the Code of Civil Procedure.

"WHEREAS, As not even the stenographic notes taken at the trial could be used in place of the said statement, still less could the statement be drawn from memory or from other data taken by the party or by his order or copied from a former stenographic record of another trial, and this doctrine is tacitly recognized by the Supreme Court of Porto Rico in the cases of *Pablo Arrieta et al., The People*

*v. Bruno, Sobrinos de Ezquiaga* v. *Munitiz, Mollfulleda* v. *Ramos* and other innumerable decisions.

"WHEREAS, Section 299 of the Act amending sections 92, 123, 227 and 299 of the Code of Civil Procedure, approved March 9, 1911, provides that the statement of the case and bill of exceptions should be presented within ten days from the date of the filing of the appeal, or of an extension of time, which has not been requested in this case, and determines the form in which the same should be drawn up; and as the document presented does not comply with the statutory requisites, the said statement should be regarded as not having been prepared or presented.

"WHEREAS, The defendant-appellant, Víctor P. Martínez y González, had sufficient time and ample opportunity to obtain a certified copy of the stenographic record of this trial and to prepare a true statement of the case and bill of exceptions in conformity therewith and his failure to do so clearly shows that he has been guilty of actual indolence and unusual and inexcusable negligence from which he alone can suffer as the party really interested in doing what he has failed to do, therefore it should be concluded that such carelessness implies an abandonment or voluntary waiver of the right allowed him by law to present the said statement.

"WHEREAS, The time for presenting the same cannot be extended and the party cannot present a statement correctly and properly prepared in accordance with law after the expiration of the said time, inasmuch as periods fixed by law are for the benefit of the interested parties and are matters of public interest and policy and the party who fails to take due advantage thereof or misuses them must take the consequences of his own acts of idleness and negligence.

"WHEREAS, Although it is true that the court is authorized to exercise its judicial discretion whenever a true, just and legal cause is alleged to warrant the exercise of its discretional powers, it is equally true that in this case the court should refrain from exercising its discretional power in view of the unusual and inexcusable negligence of the defendant, who could have obtained in due time a certified copy of the stenographic record for the preparation of his statement of the case and bill of exceptions, but who of his own volition failed to secure the same, as is shown by the affidavit and accompanying letters; and, moreover, because if the court should grant the extension requested, such action would tend to encourage indolence and negligence and lead to abuse by the interested parties detrimental to methods of procedure by thus sanctioning acts which should

be repressed, and such action would be incompatible with the dignity of courts, the rules of civil procedure and the principles of sound and impartial justice.

"WHEREAS, As the document presented has not the legal importance of a true statement of the case and bill of exceptions it cannot be considered as legally presented, hence no date can be fixed for the appearance of the parties before this court for its approval, as required by subdivision 4 of the said section 299, since compliance with the said provision exacts the prior presentation of said statement.

"WHEREAS, In support of all the foregoing the following cases should be cited in addition to those already cited: 94 Cal., 33; 92 Cal., 60; 86 Cal., 594; 101 Cal., 429; 17 Cal., 122; 129 Cal., 279; 112 Cal., 292–295; 147 Cal., 376; 104 Cal., 208–211, cited in Kerr's work, Cyc., Codes of California (Part 1), and in Pomeroy, Codes of California Annotated, Civil Procedure.

"THEREFORE, In view of all the foregoing it is held that the statement of the case and bill of exceptions required by law be considered as not presented, because the document presented by the defendant-appellant lacks this status, and that the said party has forfeited his right to present said statement of the case and bill of exceptions, which ruling is made for the further purposes of the proceedings, with the costs. Let notice hereof be served on the parties."

The petitioner maintains that the procedure followed by the District Court of Aguadilla is not according to law. Let us see what the law says.

Section 299 of the Code of Civil Procedure, as amended by Act No. 70 of March 9, 1911, Acts of 1911, page 226, reads as follows:

"Section 299.—After filing an appeal from a judgment of a district court, the appellant must, within ten days from the date of the filing thereof, or of the extension of time in case the same should be granted by the court, present to said court a statement, a copy of which shall be served at the same time on the adverse party, stating the exceptions taken during the course of the proceedings and a summary of the case.

"In this statement there shall be set out all the particulars of the action and all the proofs taken or given at the time. Of the complaint, answer, and other allegations made in the proceedings, only

slight reference thereto shall be required.  The testimony or documentary proof shall be narrated, extracting only those parts that may materially concern the matter or matters at litis and mentioning also, with reference to the documentary proof, the places, dates, and functionaries, if need be, who assisted at the execution thereof.

"When it should become necessary for an accurate intelligence and resolution of the matter, that a map, original document or exhibit of any sort, which cannot be reproduced by copy, photograph or otherwise, be submitted to the examination and inspection of the Supreme Court, a description thereof shall be made, and the secretary of the court *a quo* after marking for identification said map, original document or exhibit under his hand and the seal of the court, shall send same to the secretary of the Supreme Court stating that they form part of the records in the case.

"The original statement thus drawn shall be filed in the office of the secretary of the court, stating also that a true copy of same has been delivered by the appellant's attorney, to the attorneys for the adverse party.  The said statement having been filed with the secretary of the court, this latter officer shall submit it on the same day or on the following, to the judge, who shall fix the date on which the parties thereto shall make appearance for the approval of said statement.

"After said appearance has been entered, the court, taking in consideration the statements made by said parties and the result of the controversy, shall enter on the above-mentioned statement such correction as he may deem advisable, and shall approve the same. Upon this approval, the judge shall certify at the foot of said statement the contents thereof, as approved by him, and it shall form part of the judgment roll.

"The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal.  Said certificate shall be filed in the office of the secretary of the Supreme Court within the next thirty days following that on which the bill of exceptions and summary of the case was approved with a declaration that a literal copy of the same certified to by the counsel for the appellant, has been delivered to the counsel for the appellees."

Under the statutory procedure a day should have been set for the appearance of the parties, when, after hearing them in the manner provided by the act, the case would have

been duly and finally submitted for the decision of the court.

The mere fact that the appellant did not have before him the stenographic notes when he prepared the statement of the case to be presented to the court, is not sufficient to justify a refusal to approve the same. What is essential in a document of this kind is that it be in accordance with the facts and the arbiter to determine this is not the stenographer but the trial judge.

. Generally, in the great majority of cases the notes of the official stenographer serve as a basis for the statement of facts drawn up for the purposes of appeal, but this does not signify that if there be presented a statement of facts prepared from notes taken by the party himself or by another person which is in exact accord with the facts, approval may be refused on the sole ground that the party preparing the same did not have the notes of the stenographer before him.

On this point Cyc. says:

"The minutes of a stenographer taken at a trial are not official records, and can only be made part of the record in the cause by being incorporated in a case or bill of exceptions signed and settled by the judge. The use of such notes is not a matter of absolute right, but rests in the discretion of the judge who settles the case or statement, and, where used, the notes should be condensed and the evidence recited in a narrative form." 3 Cyc., 57.

It seems to us that the action of the district court in rendering a decision offhand of such importance to the interested party without hearing him, as was the decision in this case, is entirely erroneous and incompatible with that exercise of calmness and security which should always reign in courts of justice.

After considering the matter fully, we are of the opinion that we should exercise the discretional power which law and jurisprudence confer upon us and in this *certiorari* proceeding set aside the order entered by the District Court of Aguadilla on February 8 last in civil action No. 1413 brought by Cecilia Méndez as mother and legal representative of her

minor children, Pedro Angel and Laura María Méndez, against Víctor P. Martínez y González for acknowledgment of natural children, remanding the original record to the said court in order that it may proceed therewith in accordance with law.

*Petition granted and order set aside.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.