MARTÍNEZ, PETICIONARIO, *v.* SOTO NUSSA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un mandamiento de *certiorári* al Juez de la Corte de Distrito de Aguadilla en un caso sobre reconocimiento de hijos naturales.

No. 140.—Resuelto en marzo 4, 1915.

EXPOSICIÓN DEL CASO—PLIEGO DE EXCEPCIONES—PROCEDIMIENTO PARA SU APRO-BACIÓN.—Archivado un proyecto de exposición del caso o pliego de excepciones a los efectos de una apelación, es el deber de la corte, de acuerdo con el artículo 299 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 70 de 1911 (Leyes de 1911, págs. 238–39) señalar día para la comparecencia de las partes y dar a éstas la oportunidad de ser oídas, antes de que el caso quede definitivamente sometido a la resolución judicial.

ID.—NOTAS DEL TAQUÍGRAFO.—El solo hecho de que la parte apelante no tuviera a la vista las notas del taquígrafo al preparar el proyecto de exposición del caso, no es bastante para que la corte deje de aprobarlo, pues lo esencial en un documento de esta naturaleza es que se ajuste a la verdad y el árbitro para fijar esa verdad no es el ·taquígrafo sino el juez sentenciador.

ID.—NOTAS TOMADAS POR LA PARTE O POR OTRA PERSONA.—Aun cuando, gene-ralmente, en la inmensa mayoría de los casos, son las notas del taquí-grafo oficial las que sirven de base a las relaciones de prueba que se redactan a los efectos de las apelaciones, puede aprobarse una relación de hechos pre-parada de notas tomadas por la parte misma o por otra persona, siempre que se ajuste exactamente a la verdad.

ID.—PLIEGO DE EXCEPCIONES—NOTAS DEL TAQUÍGRAFO—DOCUMENTOS OFICIALES—DISCRECIÓN JUDICIAL.—Las minutas que toma un taquígrafo en un juicio no son documentos oficiales y solamente podrá hacérseles formar parte de las autos de una causa, incluyéndolas en la exposición del caso o pliego de excep-

ciones que firme y apruebe el juez. El uso de dichas notas no es una cuestión que envuelve un derecho absoluto sino que descansa en la discreción del juez que aprueba el caso o exposición, y cuando se hace uso de ellas deberán ser condensadas y hacerse referencia a la prueba en forma narrativa.

Los hechos están expresados en la opinión.

El peticionario compareció en nombre propio.

Abogado del demandado: Sr. *Juan B. Soto.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de *certiorari* interpuesto por Víctor P. Martínez contra el Hon. Isidoro Soto Nussa, Juez de la Corte de Distrito de Aguadilla. La petición se archivó en la Secretaría del Tribunal Supremo el 12 de febrero último; se ordenó la expedición del auto el 15 de dicho mes y se celebró la vista del mismo el 24 de febrero, quedando desde entonces el asunto definitivamente sometido a nuestra consideración y resolución.

De la solicitud y de los autos originales en el pleito No. 1413, de Aguadilla, seguido por Cecilia Méndez, como madre representante legal de sus menores hijos nombrados Pedro Angel, y Laura María Méndez contra Víctor P. Martínez y González, sobre reconocimiento de hijos naturales, remitidos a esta Corte Suprema por virtud del auto de *certiorari*, resulta:

Que dictada sentencia en el dicho pleito No. 1413, la parte demandada apeló de ella para ante este Tribunal Supremo el 27 de enero de 1915, y archivó, a los efectos de la apelación, el 4 de febrero de 1915, un documento titulado "Exposición del caso y pliego de excepciones" que contiene 34 páginas, correspondiendo 27 de ellas a la relación de las pruebas y 7 al pliego de excepciones.

El seis de febrero la parte demandante y apelada por medio de su abogado Carlos Franco Soto presentó una moción que copiada en lo pertinente dice así:

"Que le ha sido servida una copia del proyecto de exposición del caso presentado por el demandado en este caso.

"Que la única fuente oficial para redactar un proyecto de exposicion con arreglo al artículo 299 del Código de Enjuiciamiento Civil enmendado en marzo 9 de 1911, es el récord del taquígrafo, y dicho proyecto ha sido redactado por el demandado sin tener a la vista las notas del taquígrafo de la Corte de Aguadilla, no estando redactada dicha exposición en la forma que determina la disposición legal arriba citada.

"Que en consecuencia, no es posible proponer enmiendas por ahora a la expresada exposición, porque la declaración de los testigos en su mayor parte están mutiladas, en unas partes, y en otras variado su sentido.

"Que asimismo resulta expuesta la prueba documental; las cartas presentadas están extractadas de tal modo que no se entiende el sentido de las mismas, y tampoco se hace una relación de la prueba documental indubitada que se introdujo para llevar a efecto el cotejo de las cartas y probar su autenticidad.

"Por tanto, el demandante suplica:

"1. Que no se admita dicha exposición en la forma presentada hasta que no esté basada en las notas del récord taquigráfico.

"2. Que se le reserve a la demandante el derecho de hacer enmiendas una vez presentada dicha exposición en debida forma.

"3. Que las cartas que fueron introducidas como prueba por la parte demandante sean remitidas originales a la corte de apelación conforme al artículo 299 del Código de Enjuiciamiento Civil citado, y que asimismo se remita original el documento que se admitió como indubitado para hacer el cotejo con las cartas referidas."

El ocho de febrero la parte demandante y apelada presentó otra moción acompañada de varios documentos. La moción, copiada en lo pertinente, dice así:

"Que al efecto de acreditar que el demandado al preparar el proyecto de exposición del caso, no ha tenido presente el récord del taquígrafo, a pesar de haber tenido oportunidad para hacerlo, acompaño a la presente moción un *affidavit* del taquígrafo de esta honorable corte y copia de las cartas cruzadas entre dicho taquígrafo y el demandado, quedando justificado que el demandado de un modo deliberado y temerario, no quiso hacerse de dicho récord taquigráfico, y en este sentido la demandante presenta esta moción como una ampliación a la presentada en este caso el 6 del mes en curso, reiterando en su consecuencia lo solicitado en la anterior moción."

Los documentos a que se refiere esa última moción tienden a demostrar que Víctor P. Martínez pidió al taquígrafo de la Corte de Distrito de Aguadilla copia de sus notas, que el taquígrafo contestó manifestando que el récord constaba de 239 pliegos y valía $64.53; que Martínez manifestó entonces que él tenía notas exactas del juicio pero que eso no obstante pagaría por las del taquígrafo $30. El taquígrafo no accedió y Martínez alegó que no debía cobrarse por pliegos sino por palabras. El taquígrafo manifestó que estaba conforme y contestó por último que, salvo error u·omisión, el récord constaba de 64,530 palabras.

Copias de ambas mociones y de los documentos acompañados a las mismas se remitieron por correo al demandado y apelante.

Así las cosas, la Corte de Distrito de Aguadilla, el 8 de febrero de 1915, sin oir al demandado y apelante, dictó la resolución que a continuación se transcribe:

"A moción presentada por los abogados Carlos Franco Soto y Juan B. Soto, abogados de la demandante, sobre oposición a la admisión del pliego de exposición del caso y excepciones presentado por el demandado y apelante Víctor P. Martínez y González; y

"Por cuanto, de la certificación que obra en autos, librada por el taquígrafo de esta corte, Enrique Contreras, aparece que ninguna de las partes litigantes ha solicitado de dicho taquígrafo copia simple ni autenticada por este funcionario del récord taquigráfico tomado en el juicio arriba expresado, por lo cual ninguna de ellas ha obtenido dichas copias o certificaciones ni han podido servirse de las mismas para ningún fin legal conectado con este procedimiento.

"Por cuanto, el documento presentando por Víctor P. Martínez y González, como parte demandada y apelante bajo la denominación de 'Exposición del caso y excepciones,' no es un verdadero pliego formalizado como requiere la ley, por lo cual no puede ser tomado en consideración como tal pliego por no haber cumplido la parte con los requisitos del estatuto que regula la materia.

"Por cuanto, el documento a que se alude es un pliego incorrecto, anómalo e informal si se le coteja con el récord oficial, redactado de un modo caprichoso o arbitrario, bajo los dictados, sin duda, de la memoria o de simples notas tomadas por la parte o de su orden o

en vista quizá del récord taquigráfico del juicio anteriormente cele-brado de este mismo caso, cuyos datos carecen todos de valor y efi-cacia, puesto que la única fuente legítima de información creditiva de la legitimidad y corrección de los procedimientos habidos en el juicio y de la evidencia practicada no es otra sino la de las notas taquigráficas tomadas por el taquígrafo oficial de esta corte, las cua-les deben tenerse a la vista para la redacción de un verdadero y legí-timo pliego de exposición del caso y excepciones, aunque éste sea defectuoso o erróneo, según lo prevenido en el artículo 214 del Có-digo de Enjuiciamiento Civil no derogado.

''POR CUANTO, no pudiendo utilizarse como sustituto del pliego de referencia ni aun las notas taquigráficas tomadas en el juicio, menos aún ha podido formalizarse el pliego a expensas de la memoria ni en otros datos tomados por la parte o de su orden o copiados de un récord taquigráfico anterior y distinto del presente juicio, doctrina ésta implícitamente reconocida por el Tribunal Supremo de Puerto Rico en los casos de *Pablo Arrieta y otro; El Pueblo* v. *Bruno; So-brinos de Ezquiaga* v. *Munitiz; Molfulleda* v. *Ramos,* y otras innu-merables decisiones.

''POR CUANTO el artículo 299 de la ley enmendando los artícu-los 92, 123, 227 y 299 del Código de Enjuiciamiento Civil, de 9 de marzo de 1911, preceptiva de que el pliego de exposición del caso y excepciones debe ser presentado dentro de los diez días siguientes al archivo de la apelación o su prórroga, la que no ha sido pedida en este caso, y determina la forma cómo debe ser redactado, por donde no llenando el documento presentado los requisitos legales, debe tenerse por no formalizado y como no presentado el referido pliego.

''POR CUANTO la parte demandada y apelante, Víctor P. Martí-nez y González, tuvo tiempo suficiente y amplia oportunidad para haber obtenido una copia certificada del récord taquigráfico de este juicio y de haber redactado con sujeción a él un verdadero pliego de exposición del caso y excepciones, y al no hacerlo así es obvio que ha incurrido en un caso de verdadera desidia y de negligencia inu-sitada e inexcusable que solo puede perjudicarle a él por ser la parte realmente interesada en su adquisición y al no hacerlo así, es del mismo modo concluyente que tal omisión implica un abandono o renuncia voluntaria del derecho que la ley le reconoce a presentar dicho pliego.

''POR CUANTO el término para la presentación del mismo es im-prorrogable, no pudiendo la parte después de vencido éste presentar un pliego correcto y formalmente redactado de acuerdo con la ley, puesto que los términos legales se establecen en beneficio de las partes

interesadas y son materia de interés u orden público, debiendo la parte que no los utiliza en debida forma, o los utiliza mal, sufrir las consecuencias de sus propios actos de desidia y negligencia.

"Por cuanto, si bien es cierto que la corte estaría autorizada para ejercer su discreción judicial siempre que se alegara una causa legal verdadera y justa que justificara el ejercicio de sus facultades discrecionales, no es menos cierto que en este caso la corte se abstendría de ejercitar su facultad discrecional teniendo en cuenta la negligencia inusitada e inexcusable de la parte demandada la cual pudiendo en tiempo haber obtenido una copia autenticada del récord taquigráfico para la formalización de su pliego de exposición del caso y excepciones, por su propia voluntad dejó de obtenerla como lo justifican el *affidavit* y cartas acompañadas y en razón, además, a que si la corte accediera a la pretensión de conceder un nuevo término, tal resolución vendría a fomentar la desidia y negligencia y hasta el abuso de las partes interesadas en detrimento del orden del procedimiento sancionando de este modo actos que deben ser reprimidos, y en consideración a que tal resolución sería contraria a la seriedad de los tribunales, a las reglas del Enjuiciamiento Civil y a los principios de una sana y verdadera justicia.

"Por cuanto, no teniendo el documento presentado la consideración legal de un verdadero pliego de exposición del caso y excepciones, no puede ser tenido como presentado de un modo legal, no pudiendo tampoco por esta circunstancia fijarse fecha para la comparecencia de las partes ante esta corte para su aprobación como exige el apartado 4º. del citado artículo 299, puesto que tal precepto para ser cumplido requiere la previa presentación de dicho pliego.

"Por cuanto en apoyo de todo lo expuesto deben citarse en unión de las anteriores los casos siguientes: 94 Cal., 33; 92 Cal., 60; 86 Cal., 594; 101 Cal., 429; 17 Cal., 122; 129 Cal., 279; 112 Cal., 292–295; 147 Cal., 376; 104 Cal., 208–211, citados en la obra Kerr's Cyc. Codes of California (part 1), y en Pomeroy—Codes of California Annotated, Civil Procedure.

Por tanto, y en vista de todo lo expuesto, se resuelve tener por no presentado el pliego de exposición del caso y excepciones que la ley requiere se presente, por no tener esta consideración el documento presentado por la parte demandada y apelante, y decaído el derecho de ésta a presentar dicho pliego de exposición del caso y excepciones, cuya declaración se hace a los fines ulteriores del procedimiento, con las costas, y que se notifique a las partes."

El peticionario sostiene que el procedimiento seguido por la Corte de Distrito de Aguadilla no está ajustado a la ley. Veamos lo que ésta dice:

El artículo 299 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley No. 70 de 1911, Leyes de 1911, pág. 238, 239, dice así:

"Archivada que sea una apelación contra una sentencia de una corte de distrito, la parte apelante, dentro de los diez días siguientes a su archivo o de la prórroga que en su caso se le conceda por la corte, deberá presentar a ésta, entregando a la vez copia a la parte contraria, un pliego en el que hará constar las excepciones tomadas durante el curso del caso y una exposición de éste.

"En ese pliego se expondrán todos los antecedentes del litigio y pruebas practicadas o presentadas entonces. De la demanda, contestación y demás alegaciones que forman parte del legajo de la sentencia, bastará que se haga referencia a ellos. Así las pruebas testificales como las documentales se expondrán en forma narrativa, extractándose lo que esencialmente concierna al punto o puntos controvertidos y determinando además, en cuanto a la prueba documental, los lugares, fechas y en su caso funcionarios que concurrieron en el otorgamiento.

"Cuando sea necesario para una correcta inteligencia y resolución del asunto, que algún mapa, documento original o *exhibit* de cualquier clase, que no sea susceptible de reproducción por medio de copia, fotografía o de otro modo, sea presentado al examen e inspección de la Corte Suprema, se hará una descripción del mismo, y el secretario de la corte, *a quo,* después de autenticar dicho mapa o documento original o *exhibit,* bajo su firma y sello de la corte, remitirá el mismo al secretario de la Corte Suprema, haciendo constar que se ha hecho parte del récord del asunto.

"El pliego original así redactado, se archivará en la secretaría de la corte con la constancia de haberse entregado por el abogado del apelante a los abogados de las partes apeladas, una copia literal del mismo. Archivado dicho pliego en la secretaría de la corte, el secretario dará el mismo día o al siguiente cuenta de ello al juez, y éste fijará la fecha en que ante él deberán comparecer las partes para la aprobación de dicho pliego.

"Celebrada esa comparecencia, la corte, tomando en consideración las manifestaciones hechas por dichas partes, y las resultancias del litigio, hará en el mencionado pliego las correcciones que estime

oportunas y le impartirá su aprobación. Impartida ésta, certificará el juez al pie del pliego su contenido tal como lo haya aprobado, y pasará en tal forma a formar parte del legajo de la sentencia.

"Constituirá el récord de una apelación, la certificación que librará el secretario del tribunal *a quo* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación. Dicha certifi-cación deberá ser archivada en la secretaría de la Corte Suprema dentro de los treinta días siguientes al en que se haya aprobado el pliego de excepciones y exposición del caso, con la constancia de haberse entregado a los abogados de las partes apeladas una copia literal de la misma, certificada por el abogado del apelante."

El procedimiento que debió haberse seguido de acuerdo con la ley, fué el de haber señalado un día para la compa-recencia de las partes y en ese día, oyendo a las partes, des-pués de darles la oportunidad que la ley requiere, el caso hubiera quedado debida y finalmente sometido a la resolu-ción judicial.

El solo hecho de que la parte apelante no tuviera a la vista las notas taquigráficas al preparar el proyecto de expo-sición que presentara, no es bastante para dejar de apro-barlo. Lo esencial en un documento de tal naturaleza, es que se ajuste a la verdad, y el árbitro para fijar esa verdad no es el taquígrafo, sino el juez sentenciador.

Generalmente, en la inmensa mayoría de los casos, son las notas del taquígrafo oficial, las que sirven de base a las relaciones de prueba que se redactan a los efectos de las ape-laciones, pero ésto no quiere decir que si se presenta una relación de hechos preparada por notas tomadas por la parte misma, o por otra persona, ajustadas exactamente a la ver-dad, pueda dejarse de aprobarla por el solo fundamento de que no se tuvieron a la vista, al redactarla, las notas del taquígrafo.

Dice Cyc., refiriéndose a esta materia:

"Las minutas que toma un taquígrafo en un juicio no son docu-mentos oficiales y solamente podrá hacérseles formar parte de los autos de una causa incluyendolas en la exposición del caso o pliego de excepciones que firme y apruebe el juez. El uso de dichas notas no-

es una cuestión que envuelve un derecho absoluto sino que descansa en la discreción del juez que aprueba el caso o exposición y cuando se hace uso de ellas deberán ser condensadas y hacerse referencia a la prueba en forma narrativa.'' 3 Cyc. 57.

El procedimiento seguido por la corte de distrito, al dictar de plano, sin oir a la parte interesada, una resolución de tanta importancia para la misma, como la que dictó en este caso, nos parece enteramente erróneo y contrario a aquella práctica de reposo y seguridad que debe siempre imperar en los tribunales de justicia.

Después de haberlo meditado bien, opinamos que debemos ejercitar la facultad discrecional que la ley y la jurisprudencia nos reconocen y, dentro de este auto de *certiorari*, decretar la nulidad de la orden que dictó la Corte de Distrito de Aguadilla el 8 de febrero último, en el pleito civil No. 1413, seguido por Cecilia Méndez como madre y representante legal de sus menores hijos nombrados Pedro Angel y Laura María Méndez contra Víctor P. Martínez y González, sobre reconocimiento de hijos naturales, devolviendo los autos originales a la dicha corte para que continúe tramitándolos de acuerdo con la ley.

*Declarada con lugar la solicitud de* certiorari
*y anulada la orden de febrero 8, 1915.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.